**MILK DRIVERS AND DAIRY EM-
PLOYEES UNION, TEAMSTERS
LOCAL 302, et al., Plaintiffs,**

v.

**Craig VEVODA, et al., Defendants.**

**No. C–82–5861 AJZ.**

United States District Court,
N.D. California.

June 29, 1984.

Beeson, Tayer & Silbert, Duane B. Beeson, San Francisco, Cal., for plaintiffs.

McLaughlin & Irvin, Henry F. Telfeian, San Francisco, Cal., for defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

ZIRPOLI, District Judge.

Defendants Craig Vevoda, Kenneth Chamness, and Mark Sottana move for summary judgment in this contract action brought to enforce fines which were imposed by the union as discipline for their having worked behind Teamster picket lines during a 1978 strike against Lucky Stores, defendants' employer. The contract upon which this suit is based is that created by virtue of defendants' union membership. *See Harris v. National Union,* 98 Cal.App.2d 733, 221 P.2d 136 (1950). Defendants have each filed affidavits, which the union has not controverted in any way, in support of their position that they did not voluntarily become and remain full-fledged members of the union and so may not be fined in accordance with the union constitution and bylaws governing internal discipline.

Defendants' uncontroverted affidavits establish that they were told by union representatives that they "had to" fill out membership applications and "were required to take an oath of membership" if they wished to continue working for Lucky Stores, since the applicable collective bargaining agreement contained a provision stating that "[m]embership in the local union on or after the 30th day following the beginning of employment ... shall be a condition of employment." Defendants have stated in their declarations that they believed they were required to maintain full membership in the union as a condition of employment, and that they would have resigned from the union if they had known of their right to do so without losing their jobs (so long as they continued to pay union dues). *See NLRB v. Hershey Foods Corp.,* 513 F.2d 1083, 1086–87 (9th Cir. 1975). Thus, these defendants have made an uncontroverted showing that they were misled by express statements of union personnel into believing that they were required to become full members of the union in order to retain their jobs, and that they remained union members from the time that they first joined and throughout the strike only because they never learned of their right to resign from the union without forfeiting their jobs. This showing is sufficient to demonstrate that defendants did not knowingly and willingly subject themselves to the union's internal disciplinary provisions and procedures, thus precluding enforcement of the contract against them. The affirmative acts of union representatives in misinforming defendants that they were required to submit membership appli-

cations and to take the membership oath vitiated defendants' consent, to enter into the contract which the union now seeks to enforce against them. The fact that these defendants had been union members for a substantial period of time does not, by itself, ameliorate the effect of those initial misrepresentations. Nor is there any indication that these defendants ever had any reason to know, until after the fines were imposed, of their right to withdraw from the union (but to continue to pay union dues) and still retain their jobs.

■ The union argues that the issue of whether these defendants voluntarily became or remained full union members subject to union discipline is one which lies within the exclusive jurisdiction of the NLRB, and therefore, the court may not consider this defense. The court disagrees. While it is true that the NLRB would have jurisdiction to decide whether it was an unfair labor practice for the union to mislead defendants into becoming and remaining full members of the union and to seek to enforce these fines,[1] the court is not precluded from considering this defense where the controversy is not "identical" with that which could be presented to the NLRB. *Belknap, Inc. v. Hale,* —— U.S. ——, ——, 103 S.Ct. 3172, 3182, 77 L.Ed.2d 798 (1983).

The question presented in this case is whether the fact that these defendants did not knowingly and willingly subject themselves to union discipline precludes the enforcement of the fines against them. This is *not* identical with the question of whether the union committed an unfair labor practice. While a decision upholding the defense asserted here may well have some impact upon union practices, since it restricts a union's ability to enforce fines in certain circumstances, it does not *compel* the union to change its practices, as would be the case if the NLRB were to rule that the misrepresentations and non-disclosure that occurred in this case constituted an unfair labor practice. The resolution of this case turns upon the law of contract, not upon an interpretation of the National Labor Relations Act. Thus, the matter to be decided by this court is not identical with that which could have been presented to the NLRB, and so it does not lie within the exclusive jurisdiction of that body.

■ Nor is the defense asserted here preempted by the substantive provisions or policies of the federal labor law. Where there is no conflict with federal labor policy, and the controversy presented to the court is not identical with that which could be presented to the NLRB, principles which are deeply rooted in local law (such as that a contract cannot be enforced unless entered into knowingly and willingly) are not preempted. *Belknap,* —— U.S. at ——, —— – ——, 103 S.Ct. at 3177, 3182–84. No danger of any conflict with federal labor policy is presented by entertaining the defense asserted here. It is established law that full-fledged union membership cannot be required as a condition of employment. *See Hershey Foods,* 513 F.2d at 1086–87. Whether or not the actions of the union in this case constitute an unfair labor practice, it is certainly not part of the federal labor policy to actively *prevent* the disclosure of legal rights to present and future union members. A ruling that the defense asserted here is valid under state law poses no danger of *conflict* with any ruling of the NLRB or policy of the federal labor law.

The union, relying on *Motor Coach Employees, etc. v. Lockridge,* 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971), argues that even if the substance of the defense asserted in this action is in accordance with federal labor law, court jurisdiction is still preempted. The purpose of the preemption doctrine, as *Lockridge* makes clear, is to avoid conflicting *remedies,* as well as the conflicting application and interpretation of substantive rules of law. Thus, in that case, the Supreme Court noted that the

---

1. *See United Stanford Employees v. NLRB,* 601 F.2d 980 (9th Cir.1979); *Pattern Makers' League, etc. v. NLRB,* 724 F.2d 57 (7th Cir.1983); *Machinists Local 1327 v. NLRB,* 725 F.2d 1212 (9th Cir.1984).

avoidance of disparate remedies, even where the substantive rules are the same, may warrant a finding of preemption. 403 U.S. at 288–89 n. 5, 91 S.Ct. at 1918–19 n. 5. *Lockridge* is not on point, however, because it involved an action for affirmative relief (damages and reinstatement), whereas the present case involves only a defense to an action brought by the union. This distinction is crucial because, where a defendant seeks no affirmative relief, but rather merely claims that a union fine may not be enforced against him, there is no danger of a conflict in remedy between the court's ruling on the contract claim and a possible ruling of the NLRB on an unfair labor practice charge. Therefore, the admonition in *Lockridge* that the National Labor Relations Act "preempts state and federal court jurisdiction *to remedy* conduct that is arguably protected or prohibited by the Act,"[2] is not applicable to this case, in which no affirmative remedy is sought.

 A case which the court finds instructive is *Kaiser Steel Corp. v. Mullins,* 455 U.S. 72, 102 S.Ct. 851, 70 L.Ed.2d 833 (1982), in which the Supreme Court held that the district court erred in refusing to entertain the defendant's illegality defense to an action to enforce a collective bargaining agreement even though the defense was based upon an allegation that the clause sought to be enforced was an unfair labor practice. Although recognizing the "general rule" that "federal courts do not have jurisdiction over activity which 'is arguably subject to § 7 or § 8 of the [NLRA],'" the Court held that "[i]t is also well established ... that a federal court has a duty to determine whether a contract violates federal law before enforcing it." 455 U.S. at 83, 102 S.Ct. at 859. Thus, "[w]hile only the Board may provide affirmative remedies for unfair labor practices, a court may not enforce a contract provision which violates § 8(e) [of the NLRA]." *Id.* at 86, 102 S.Ct. at 860. While the union argues that *Mullins* should be limited to defenses based upon

§ 8(e) of the Act, this court declines to give it such a narrow application. Defendants in this case seek no affirmative relief, nor are they asking the court to decide whether the union committed an unfair labor practice. Rather, they merely seek to raise the deeply-rooted defense to an action on a contract that the execution of the contract was fraudulently induced. The recognition of this defense in no way conflicts with any provision or policy of the federal labor law. Under these circumstances, the defense sought to be raised is not preempted.

Accordingly,

IT IS ORDERED that defendants' motion for summary judgment is granted.

---

2. 403 U.S. at 276, 91 S.Ct. at 1913 (emphasis added).