**Milton UTLEY, Plaintiff,**

v.

**VARIAN ASSOCIATES, INC., et al, Defendants.**

**No. C–85–2128 EFL.**

United States District Court, N.D. California.

Sept. 26, 1985.

Herbert Yanowitz, Gerard Hanckley, San Francisco, Cal., for plaintiff.

Deborah Pell, Bronson, Bronson & McKinnon, San Francisco, Cal., for defendants.

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT AND REMANDING

LYNCH, District Judge.

This action arises from the allegedly wrongful termination of plaintiff Milton Utley by defendant Varian Associates, Inc., EIMAC division. While the underlying facts are relatively unimportant to the disposition of the motions presently before the Court, it is significant that defendant Varian Associates, Inc. is a contractor for the federal government.

Suit was originally brought in San Mateo Superior Court with plaintiff alleging five separate counts arising from the allegedly wrongful termination. Because plaintiff's first, fourth and fifth counts implicate federal law, the case was removed to this Court. Defendant has moved the Court to dismiss part of the first and all of the fourth and fifth counts and, because such dismissals would eliminate any issues of federal law, to then remand the case to state court. Plaintiff contends that the case should be remanded immediately without any action being taken on the first, fifth, or fourth counts. He argues that removal was improper because none of the five claims "arises under" federal law as required by 28 U.S.C. section 1331.

At hearing both parties stipulated that if the Court were to dismiss the fifth count and that part of the first count implicating federal law, plaintiff would dismiss the fourth count. In light of that stipulation and the conclusions reached here, this order will not address any aspect of the fourth count which alleges misrepresentations by defendant regarding its execution of affirmative action obligations pursuant to Executive Order No. 11246.

This order will first resolve plaintiff's jurisdictional objections before examining defendant's arguments for partial summary judgment.

## JURISDICTION

By the terms of 28 U.S.C. section 1441(a) this case was properly removed from state court only if this Court would have had jurisdiction over it had it been filed here originally, *Guinasso v. Pacific First Fed. Sav. & Loan Ass'n*, 656 F.2d 1364, 1365 (9th Cir.1981), *cert. denied*, 455 U.S. 1020, 102 S.Ct. 1716, 72 L.Ed.2d 138 (1982). Because there is no hint or contention that diversity or any other basis for federal jurisdiction is applicable, this case must satisfy the requirements of 28 U.S.C. section 1331 as a "civil action arising under the Constitution, laws or treaties of the United States" in order to be within this Court's jurisdiction.

The standard this Court must apply for determining whether a claim in this case "arises under" federal law is that articulated by the Ninth Circuit in *Guinasso:*

A suit arises under federal law within 28 U.S.C. § 1331 if the complaint, properly pleaded, presents a substantial dispute over the effect of federal law, and the result turns on the federal question....

A substantial proposition of federal law must form 'a direct and essential element of plaintiff's cause of action.'

656 F.2d at 1365–66 (citations omitted).

Application of this standard to plaintiff's case compels the conclusion that jurisdiction is proper. Plaintiff's first count alleges in part that defendant violated California Government Code section 12940, the California Fair Employment and Housing

Act ("CFEHA"), through conduct that violated obligations imposed on it as a federal government contractor under Executive Order No. 11246. Plaintiff's fifth count alleges that defendant violated section 17200 of the California Business and Professions Code ("section 17200") through the same conduct which is said to violate duties created by Executive Order No. 11246.

Executive Order No. 11246, issued in 1965 by President Johnson, requires federal government contracting agencies to include certain nondiscrimination and affirmative action programs in all contracts they enter into with the federal government. The requirements are detailed in rules found in 41 C.F.R. sections 60–1.1 through 60–60.8 (1984). Thus, resolving count five and part of count one will require the Court to determine whether federal law created a duty, and if it did, the nature of that federal duty and whether defendant's conduct constituted a breach of that duty. The case is, therefore, a clear example of "a substantial dispute over the effect of federal law" where "the result turns on the federal question," *Guinasso*, 656 F.2d at 1365–66.

## PARTIAL SUMMARY JUDGMENT

■ For plaintiff to prevail on count five and on part of count one, the breach of a federal duty to implement affirmative action plans would have to be cognizable as a violation of CFEHA and section 17200. Plaintiff has urged this Court to abstain from deciding whether such an interpretation of California law is warranted so that a California court may first address the issue. Because these motions can be decided without resolving questions of California law, the invitation to abstention is declined. The Court rules that even if breach of a federal duty were cognizable under CFEHA or section 17200, remedies under state law would be preempted by the remedial scheme prescribed by federal law in 41 C.F.R. sections 60–1.20 through 60–1.34 (1984).

Preemption of state law by federal law is authorized by the Supremacy Clause of the Constitution which makes the "Constitution, and the Laws of the United States which shall be made in Pursuance thereof ... the supreme Law of the Land." U.S. Const. Art. VI, cl. 2. "Federal regulations have no less pre-emptive effect than federal statutes." *Fidelity Fed. Sav. & Loan Ass'n v. De La Cuesta*, 458 U.S. 141, 153, 102 S.Ct. 3014, 3022, 73 L.Ed.2d 664 (1981).

Preemption may be compelled either by explicit language in the federal law or by implication from the law's structure and purpose. *Id.* at 152–53, 102 S.Ct. at 3021–22 (citing *Jones v. Rath Packing Co.*, 430 U.S. 519, 525, 97 S.Ct. 1305, 1309, 51 L.Ed.2d 604 (1977)). In this case it is the structure and purpose of the law—as manifested by the comprehensive remedial scheme in 41 C.F.R. sections 60–1.20 through 60–1.34—that compels preemption.

In cases involving the National Labor Relations Act ("NLRA") the Supreme Court has made clear that a comprehensive federal program of administrative remedies compels preemption of state laws attempting to create additional remedies. In *San Diego Unions v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1958), the Court ruled that a state court was precluded by the NLRA from awarding damages under state law to employers for injuries resulting from peaceful picketing. The Court reasoned that allowing the state to grant a remedy withheld from the National Labor Relations Board would "accentuate the danger of conflict [with federal policy]." *Id.* at 247, 79 S.Ct. at 780. In *Motor Coach Employees, etc. v. Lockridge*, 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971) (holding that an employee's claim against a union for wrongfully interfering with the relationship between him and his employer was preempted by the NLRA) the Court said, "[T]he constitutional principles of preemption, in whatever particular field of law they operate, are designed with a common end in view: to avoid conflicting regulation of conduct by various official bodies which might have some authority over the subject matter." 403 U.S. at 285–86, 91 S.Ct. at

1917. More recently, Judge Zirpoli wrote for this court that "[t]he purpose of the preemption doctrine, as *Lockridge* makes clear, is to avoid conflicting *remedies*, as well as the conflicting application and interpretation of substantive rules of law." *Milk Drivers & Dairy Employees Union v. Vevoda*, 587 F.Supp. 483, 485 (N.D. Cal.1984) (emphasis in original).

The question of whether or not a remedy awarding damages to private plaintiffs is compatible with the federal administrative scheme established to enforce Executive Order No. 11246 has already been answered in the negative by this and other courts ruling that there can be no private right of action under Executive Order No. 11246. Judge Renfrew has explained that the order "establishes a plethora of administrative procedures and remedies,"[1] and that "[i]t would be obviously destructive of the administrative scheme to allow it to be short-circuited by implying a private right of action in favor of individuals who feel that they have been injured through noncompliance with Executive Order 11246." *Traylor v. Safeway Stores, Inc.*, 402 F.Supp. 871, 875, 876 (N.D.Cal.1975); *see also Farkas v. Texas Instruments, Inc.*, 375 F.2d 629, 633 (5th Cir.), *cert. denied*, 389 U.S. 977, 88 S.Ct. 480, 19 L.Ed.2d 471 (1967).

While technical distinctions between implying a private federal right of action based on an executive order and allowing an executive order to be the basis of a suit for a violation of state law might exist,[2] it would be a distinction without a difference in this context. The effect of either is to allow "short-circuiting" the remedial scheme promulgated under Executive Order No. 11246. The Supremacy Clause makes clear that when the short-circuiting is of a federal law by a state law that state law is preempted.

Plaintiff's citation to *Allen-Bradley Local No. 1111 v. Wisconsin Employee Relations Bd.*, 315 U.S. 740, 62 S.Ct. 820, 86 L.Ed. 1154 (1942) for the proposition that "the existence of comprehensive federal law in the employment-labor relations field does not preclude a state from acting" (Plaintiffs Reply at 3) overlooks more than forty years of developments in the doctrine of preemption. Subsequent decisions such as *Garmon* and *Lockridge* indicate that state laws will be preempted when they attempt to provide remedies not provided in a comprehensive federal administrative scheme. The vitality of *Allen-Bradley* persists as an example of an exception to the preemption doctrine when a state is acting to protect "such traditionally local matters as public safety and order and the use of streets and highways." *Farmer v. Carpenters*, 430 U.S. 290, 299, 97 S.Ct. 1056, 1063, 51 L.Ed.2d 338 (1976) (quoting *Allen-Bradley*, 315 U.S. at 749, 62 S.Ct. at 825). However, this case does not involve a powerful state interest justifying an exception to the preemption doctrine. Here the conduct involved is alleged to be a breach of a federal duty arising from defendant's status as a contractor with the federal government; the state's interest in enforcing such a duty is minimal.

---

**1.** The Office of Federal Contract Compliance Programs ("OFCCP") can refer complaints to the Equal Employment Opportunity Commission for processing under Title VII of the Civil Rights Act of 1964, 41 C.F.R. § 60–1.24(a) (1984); "OFCCP may institute an administrative enforcement procedure to enjoin ... violations, to seek appropriate relief (which may include affected class and back pay relief) and to impose appropriate sanctions," 41 C.F.R. § 60–1.26(a)(2) (1984); OFFCP may refer a matter to the Department of Justice and the Attorney General "may bring a civil action ... requesting a temporary restraining order, preliminary or permanent injunction, and an order for such additional equitable relief, including back pay,

deemed necessary or appropriate to ensure the full enjoyment of the rights secured by ... [Executive Order No. 11246]," 41 C.F.R. § 60–1.26(e) (1984); the Attorney General may also initiate suit without being referred by OFFCP, 41 C.F.R. § 60–1.26(f) (1984).

**2.** *See* Note, *State Incorporation of Federal Law: A Response to the Demise of Implied Rights of Action*, 94 Yale L.J. 1144 (1984) (arguing that where, unlike here, denying a private right of action is based on the "negative implication" that Congress intended no such right since it was silent on the issue, it would be appropriate for state law to incorporate federal law).

The conclusion reached here is consistent with the decisions of California courts that have addressed the question of whether section 17200 can be a springboard for suits when a federal duty is breached. In *People ex rel. Dep't of Trans. v. Naegele Outdoor Advertising Co.,* 38 Cal.3d 509, 523, 213 Cal.Rptr. 247, 698 P.2d 150 (1985) the court was faced with the contention that the defendants violated the federal Highway Beautification Act, 23 U.S.C. §§ 131, 135, 136, 319 (1982), and could therefore be enjoined from committing unfair competition in violation of section 17200. The court disallowed the injunction on the grounds of preemption concluding that the federal Department of the Interior rather than the state Department of Transportation was the appropriate agency to enforce the provisions of the Highway Beautification Act. *Naegele* at 523, 213 Cal.Rptr. 247, 698 P.2d 150.

Similarly, in *Diaz v. Kay-Dix Ranch,* 9 Cal.App.3d. 588, 88 Cal.Rptr. 443 (1970) migrant farm workers sought an injunction prohibiting ranch owners from knowingly employing illegal aliens. The workers alleged that such conduct was unfair competition in violation of the predecessor of section 17200. The court denied the injunction on grounds of preemption stating that "[i]t is more orderly, more effectual, less burdensome to the effected interests, that the national government redeem its commitment [implied by national immigration policy]." *Id.* at 599, 88 Cal.Rptr. 443.

While the present case differs from these two California cases in that compensatory rather than injunctive relief is being sought here, the Court believes they support the conclusion that the creation of additional remedies under the broad language of section 17200 is preempted when a detailed federal enforcement mechanism for the breach of an obligation created by federal law exists.

It is ordered, therefore, that the first count be dismissed to the extent that it is based on a breach of federal duty. The fifth count is dismissed in its entirety. Pursuant to the parties' stipulation in open court, because the fifth count is dismissed, the fourth count is also dismissed. The case is remanded to the San Mateo Superior Court.

IT IS SO ORDERED.