**Mari BLOOM, Plaintiff,**

v.

**UNIVERSAL CITY STUDIOS, INC., Universal Television, and Randy Cordray, Defendants.**

**No. CV 89–6142 RRB(Gx).**

United States District Court, C.D. California.

Feb. 26, 1990.

Michael Bloom, Dolan, Cohen, Taylor & Peterson, Woodland Hills, Cal., for plaintiff.

Jonathan M. Turner, Garfield, Tepper, Ashworth & Epstein, Los Angeles, Cal., for defendants.

BONNER, District Judge.

Defendants Universal City Studios, Inc., Universal Television, and Randy Cordray move for summary judgment. Plaintiff Mari Bloom moves to remand the action to state court. Oral argument was held February 12, 1990 on both counts. After considering the parties' memoranda of points and authorities and their arguments made at the hearing, the Court grants defendants' motion for summary judgment. Plaintiff's motion to remand her action to state court is denied.

## Background

This action arises out of defendants' termination of plaintiff's employment as assistant head hair stylist on a television series. Plaintiff is Mari Bloom. Defendants are Universal City Studios, Inc. ("Studio"); Universal Television ("Television"); and Randy Cordray ("Cordray") (collectively "defendants").

Plaintiff filed her complaint in Los Angeles County Superior Court. Defendants removed the action to this Court on the basis of federal question jurisdiction—specifically, § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Defendants asserted that § 301 pre-empted Blooms' claims for relief, of which there are five: breach of contract, breach of the covenant of good faith and fair dealing, tortious interference with economic advantage; misrepresentation, and unfair business practices in violation of § 17200 of the California Business and Professions Code.

Based on the pleadings, declarations and other admissible evidence the parties submitted, the following material facts are undisputed:

| Material Undisputed Fact | Supporting Evidence |
|---|---|
| 1. Bloom is a successful hairstylist. | Bloom Decl. [12(c) motion] ¶¶ 2–4. |
| 2. Bloom was head hairdresser on two popular television series until April 1989, when production ceased for the season. Bloom's guaranteed minimum salary while working on those series was $1,654 for four days' work. | Bloom Decl. [12(c) motion] ¶ 5. |
| 3. On April 15, 1989, defendant Cordray telephoned Bloom to offer her a position as assistant head hair stylist on the television series "Let's Get Mom," a new series being produced by Universal. | Bloom Decl. [12(c) motion] ¶ 6. |
| 4. Cordary orally guaranteed Bloom employment until August 25, 1989, *viz.*, at least eleven hours of work per day for four days per week for a minimum of seventeen weeks. | Bloom Decl. [12(c) motion ¶ 6(a)–(c). ¶ 11. |
| 5. From May 1 to May 15, 1989, Bloom was employed as an assistant head hair stylist on the production of the television series "Let's Get Mom." *The record is not clear,* however, whether Studio or Television employed Bloom. | Bloom Decl. [12(c) motion] ¶¶ 6, 8 & 11; Complt. Exhibit "A" (Studio production notice). |
| 6. Universal Television is a division of Universal Studios. | Complt. ¶ 2; and Complt. Exhibit "A". |
| 7. Bloom's oral employment contract was evidenced in two writings: the "Production Notice" and the "Tentative Production Schedule/89 Season." | Complt. ¶ 6; and Exhibits "A" and "B". |
| 8. The Production Notice provided that "[a]ll other provisions [governing the employment agreement between Studio and Bloom [were] per IATSE contract," and that *"the terms and conditions of the applicable Basic and/or Local collective bargaining agreement(s) shall apply, and this deal memo is subject to* and must provide terms no less favorable than the terms and conditions of *such applicable agreement(s)."* (Emphasis added) | Complt. Exhibit "A". |
| 9. On May 15, 1989, Studio terminated Bloom, because "Let's Get Mom" was being cancelled. | Bloom Decl. [12(c) motion] ¶ 11. |
| 10. From August 1, 1985 through July 31, 1988, there existed a collective bargaining agreement between Studio and plaintiff's union, Make-up Artists and Hair Stylists Local No. 706. | Gorham Decl. [11/26/89] ¶ 5 and Exhibit "A". |
| 11. From August 1, 1988 until the present, there existed a collective bargaining agreement between Studio and Local 706. | Gorham Decl. [1/19/90] ¶ 2 and Exhibit "A". |
| 12. Bloom is a member of Local 706. | Gorham Decl. [11/26/89], ¶ 4. |
| 13. The August 1, 1988 collective bargaining agreement is not signed, although both Studio and Union have acted as if the agreement binds them. | Gorham Decl. [1/19/90]. ¶¶ 5–7. |
| 14. The collective bargaining agreement provides for arbitration of disputes concerning, *inter alia,* the guaranteed period of employment, and the number of guaranteed hours. | Gorham Decl. [11/26/89] Exhibit "A", Article 5 Gorham Decl. "A", [1/19/90] Exhibit "A", Article 5. |
| 15. Neither Bloom nor Local 706 have submitted her claim to grievance nor made a demand for arbitration. | Gorham Decl. [11/26/89] ¶ 6. |

## MOTION FOR SUMMARY JUDGMENT

### 1. Contentions

Defendants contend that (1) § 301 of the Labor–Management Relations Act of 1947 pre-empts all of plaintiff's claims; (2) inasmuch as plaintiff's claims should be recharacterized as a § 301 claim, the claim fails because plaintiff has not exhausted her administrative remedies under the collective bargaining agreement; and (3) plaintiff's claims for breach of contract and breach of the covenant of good faith and fair dealing cannot lie against Cordray, because he was not a party to the employment contract between Bloom and Studio.

Bloom appears to argue that § 301 does not pre-empt her claims because (a) she is relying on the oral agreement with Cordray and (b) her tort claims do not require analysis of the collective bargaining agreement. Alternatively, plaintiff seeks leave to amend to state an unspecified claim or claims. Bloom also appears to argue that the collective bargaining agreement is unsigned and, therefore, of no effect, that it is ambiguous, and that Studio violated Article 5 of the collective bargaining agreement, which requires Studio to notify Union whenever it negotiates an individual employment contract.

Defendants reply that (1) the collective bargaining agreement is not ambiguous; (2) the fact that the August 1, 1988, collective bargaining agreement is not signed is unimportant; (3) Bloom proffers no facts supporting her argument that Studio violated Article 5; and (4) the Court should impose Rule 11 sanctions because plaintiff failed to address the Ninth Circuit cases concerning § 301 pre-emption.

### 2. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides that a defendant "may, at any time, move with or without supporting affidavits for a summary judgment...." Fed.R.Civ.P. 56(b). A defendant may so move if the pleadings and supporting material "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* 56(c). A defendant need not present evidence negating the plaintiff's claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Instead, a defendant may show "that there is an absence of evidence to support [the plaintiff's] case." *Id.* at 325, 106 S.Ct. at 2554. A plaintiff may not simply "rest upon the mere allegations ... of [his] pleading." Fed.R.Civ.P. 56(e). At least some "significant probative evidence tending to support" the pleading—thus creating a material factual dispute—must be produced.[1] *T.W. Electrical Service v. Pacific Electrical Contractors,* 809 F.2d 626, 630 (9th Cir.1987); *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553.

A dispute is material only if it can reasonably be resolved in favor of either party at trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250–51, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248, 106 S.Ct. at 2510. It is not enough that the plaintiff might possibly discredit at trial the testimony in support of the motion. *United Steelworkers Of America v. Phelps Dodge Corp.,* 865 F.2d 1539, 1542 (9th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 51, 107 L.Ed.2d 20 (1989). Too, "[t]he record on summary judgment controls, not that record plus speculative inferences a trier of fact might add." *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec,* 854 F.2d 1538, 1542 (9th Cir.1988).

Thus, summary judgment is appropriate if the plaintiff fails to (1) produce evidence supporting the existence of all essential elements on which the plaintiff bears the burden of proof and (2) show that all disputes about material facts or necessary inferences from the facts could reasonably be resolved in favor of either party by the

---

**1.** The plaintiff's pleadings may, however, be used against that party. *See Lockwood v. Wolf Corp.,* 629 F.2d 603, 611 (9th Cir.1980).

trier of fact. *See Celotex Corp.*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Anderson*, 477 U.S. at 250–52, 106 S.Ct. at 2511–12; *California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988).

### 3. *Whether § 301 Pre-empts Plaintiff's Claims*

As explained below, the Court is constrained to conclude that § 301(a) pre-empts all of Bloom's claims for relief against all defendants, including Television and Cordray.

### A. *LMRA Pre-emption*

Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a), provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organization, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

The Supreme Court has interpreted § 301(a) to mean that

> If the resolution of a state-law claim depends on the meaning of a collective-bargaining agreement, the application of state law (which might lead to inconsistent results since there could be as many state-law principles as there are States) is pre-empted and federal labor-law principles—necessarily uniform throughout the nation—must be employed to resolve the dispute.

*Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 1881, 100 L.Ed.2d 410 (1988) (footnote omitted); *see also Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 220, 105 S.Ct. 1904, 1916, 85 L.Ed.2d 206 (1985) (§ 301(a) pre-empts

state law claims if "resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract"); *Jackson v. Southern California Gas Co.*, 881 F.2d 638, 643 (9th Cir.1989).

### B. *Bloom's Breach of Contract Claim*

■ Section 301(a) pre-empts Bloom's first claim for breach of contract.

That claim alleges in substance that Bloom and Cordray contracted for Studio to employ Bloom as assistant head hair stylist for thirteen remuneration periods—*i.e.*, thirteen episodes plus a four-week "hiatus"—at a specified compensation, but that her employment was terminated after only two remuneration periods.

The Ninth Circuit has explained numerous times that § 301(a) pre-empts state law breach of contract claims involving job positions covered by the collective bargaining agreement. *See, e.g., Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1285–86 (9th Cir.1989); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997–98 (9th Cir.1987); *Stallcop v. Kaiser Foundation Hosps.*, 820 F.2d 1044, 1048 (9th Cir.), *cert. denied*, 484 U.S. 986, 108 S.Ct. 504, 98 L.Ed.2d 502 (1987); *Bale v. General Tel. Co. of Cal.*, 795 F.2d 775, 779 (9th Cir. 1986); *Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1474 (9th Cir.1984). The reason for this rule is that "any 'independent agreement of employment [concerning that job position] could be effective only as part of the collective bargaining agreement,' [hence] the CBA controls and the contract claim is preempted." *Young*, 830 F.2d at 997 (citations omitted; first brackets in original).

■ Bloom's position—assistant head hair stylist—is covered by a collective bargaining agreement. *See* Gorham Decl. [11/26/89] Exhibit A at 11–13 (collective bargaining agreement provisions concern assistant head hair stylist compensation and term of employment); *Id.* [1/19/90] Exhibit A at 8, 11, 12 (same).[2]

---

**2.** There is an exception, not applicable here, to § 301(a) pre-emption of breach of contract claims: claims that concern jobs not covered by a collective bargaining agreement. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 395 n. 9, 107 S.Ct.

2425, 2431 n. 9, 96 L.Ed.2d 318 (1987) (no § 301(a) preemption of breach of contract claims based on weekly salaried or managerial positions not covered by the collective bargaining agreement); *Young*, 830 F.2d at 997–98.

■ The fact that the collective bargaining agreement is unsigned is not critical. *See Retail Clerks Int'l Ass'n v. Lion Dry Goods, Inc.,* 369 U.S. 17, 24 n. 6, 82 S.Ct. 541, 546 n. 6, 7 L.Ed.2d 503 (1962) (acknowledging viability of a collective bargaining agreement even though the parties did not negotiate directly and did not conjoin their signatures on one document); *Cappa v. Wiseman,* 469 F.Supp. 437, 442 (N.D.Cal.1979) ("There is no general requirement that collective bargaining agreements be in writing"). Further, Studio and the union have behaved as if the unsigned agreement is valid and effective. Gorham Decl. [1/19/90], ¶¶ 5–7.

■ Accordingly, the Court is constrained to conclude that § 301 pre-empts Bloom's breach of contract claim regarding Studio.

Ninth Circuit law also impels the same conclusion regarding Television and Cordray, despite the fact that they did not sign the collective bargaining agreement. As the Circuit has explained, § 301's applicability "is not dependent upon the parties to the suit but rather the nature or subject matter of the action. Jurisdiction exists as long as the suit is for violation of a contract between a union and an employer even if neither party is a union or an employer." *Painting & Decorating Contractors Ass'n of Sacramento, Inc. v. Painters & Decorators Joint Comm. of the East Bay Counties, Inc.,* 707 F.2d 1067, 1071 (9th Cir.1983), *cert. denied,* 466 U.S. 927, 104 S.Ct. 1709, 80 L.Ed.2d 182 (citation and quotation omitted). Thus, in *Painting & Decorating Contractors Ass'n* the Court concluded § 301 jurisdiction existed against an entity not a signatory to the collective bargaining agreement.

At the hearing on defendant's summary judgment motion, plaintiff's counsel argued that § 301 should not pre-empt her claim against Television, because Television was not a party to the collective bargaining agreement. The Court rejects this argument. It is undisputed that Television was a division of Studio. *See* Complt., ¶ 2 and Complt., Exhibit "A". Accordingly, Television is bound by an agreement entered into by Studio.

■ Once § 301 jurisdiction is present, its "preemptive force ... is so powerful as to displace entirely any state cause of action for violation of a collective bargaining agreement." *Stallcop,* 820 F.2d at 1048 (footnote omitted). Section 301 pre-empts Bloom's breach of contract claim against all defendants.

### C. Bloom's Misrepresentation and Deceit Claim

■ In her second claim Bloom alleges in substance that defendants made pre-contract misrepresentations to Bloom that were inconsistent with the production notice and collective bargaining agreement, and which defendants refused to honor. *See* Cmplt. ¶¶ 12–19. Resolution of this claim is substantially dependent upon analysis of the terms of the collective bargaining agreement; accordingly, § 301(a) pre-empts this claim.

*Bale v. General Telephone Co. of Cal.,* 795 F.2d 775 (9th Cir.1986), is dispositive. In *Bale* the plaintiffs alleged that they were told at the time of hiring that they would serve as "temporary" employees for six months, after which they would become permanent employees. (Permanent employees could be discharged only for cause and only pursuant to collective bargaining agreement procedures.) After six months, the plaintiffs were not made permanent employees, and were discharged.

They sued for, *inter alia,* fraud and negligent misrepresentation. The Ninth Circuit upheld the district court's decision that § 301(a) pre-empted the plaintiff's tort claims:

In order to prove their fraud and negligent misrepresentation claims, [the plaintiffs] would be required to show that the terms of the collective bargaining agreement differed significantly from the individual employment contracts they believed they had made. Resolution of their state tort claims is therefore 'substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract.'

*Bale,* 795 F.2d at 780 (citation omitted). *See also Young v. Anthony's Fish Grot-*

*tos, Inc.*, 830 F.2d 993, 1001 (9th Cir.1987) (§ 301 pre-empts fraud and negligent misrepresentation claims based on oral representations made in connection with employment contract).

Section 301's pre-emptive force extends also to Television and Cordray, even though they did not sign the collective bargaining agreement. *Painting & Decorating Contractors Ass'n*, 707 F.2d at 1071.

### D. The Bad Faith Claim

██ Bloom's third claim alleges that defendants' acts breached the implied covenant of good faith and fair dealing. *See* Cmplt. ¶ 21–22. *Young*, 830 F.2d 993, constrains the Court to conclude that § 301(a) pre-empts this claim.

In *Young*, the plaintiff worked for the defendant as a waitress. She organized a protest of an IRS audit of their tip income, and then quit. Eventually she returned to work; allegedly a manager promised to employ her on the same terms as before, subject to discharge for good cause only. The collective bargaining agreement provided that probationary employees—such as the plaintiff—could be discharged at will. She was fired the same day she returned.

She sued, asserting breach of the covenant of good faith and fair dealing and other claims. The district court granted summary judgment for defendants; the Ninth Circuit affirmed, reasoning that

> The implied covenant tort is a 'regulation of the employment relationship.' It implicates the employee's job security rights under the collective bargaining agreement and duplicates the protection federal labor policy posits in the collective bargaining process. It furthers no state policy independent of employment. Consequently, the implied covenant is 'inextricably intertwined with consideration of the terms of the labor contract,' ...
> [¶] Further, section 301 preempts any

individual labor contract inconsistent with a collective bargaining agreement in order to assure uniform federal interpretation of the collective agreement. Permitting parties to recast their contract claims as implied covenant tort claims 'would allow [them] to evade the requirements of § 301.'

*Young*, 830 F.2d at 1000–01 (citations omitted; bracket in original).

As above, § 301 pre-empts Bloom's claims against all defendants, including the non-signatories to the collective bargaining agreement. *Painting & Decorating Contractors Ass'n*, 707 F.2d at 1071.

### E. Unfair Business Practices

The parties have not cited, nor has the Court's research located, any cases addressing the precise issue whether § 301 pre-empts claims based on § 17200 of the California Business and Professions Code.[3] In the Court's judgment, § 301 pre-empts plaintiff's § 17200 claim.

Section 17200 proscribes, as relevant here, any "unlawful, unfair or fraudulent business practice...." An "unfair" business practice is one that "offends an established public policy or [that] is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *People v. Casa Blanca Convalescent Homes*, 159 Cal.App.3d 509, 528, 530, 206 Cal.Rptr. 164 (1984). In essence, § 17200 is a statutory tort the contours of which are similar to the common law tort of unfair competition.

Possibly—although the Court need not decide this issue at this juncture—§ 301 does not pre-empt § 17200 in all cases. *Cf. Tellez v. Pacific Gas and Electric Co., Inc.*, 817 F.2d 536 (9th Cir.1987); *Scott v. New United Motor Mfg. Co.*, 632 F.Supp. 891, 893–94 (N.D.Cal.1986) (no § 301 pre-emption if the plaintiff does not have a remedy under the collective bargaining agreement or access to grievance proce-

---

**3.** Defendants argue that *Utley v. Varian Associates, Inc.*, 625 F.Supp. 104, 108 (N.D.Cal.1985), supports their pre-emption argument. *Utley*, however, has been overruled. *See Utley v. Varian Associates, Inc.*, 811 F.2d 1279 (9th), *cert. denied*, 484 U.S. 824, 108 S.Ct. 89, 98 L.Ed.2d 50 (1987).

In *Moore v. Kaiser Foundation Hospitals*, 116 L.R.R.M. 2691 (N.D.Cal.1983), Judge Ingram analyzed § 17200 as a pendent claim and did not address the issue whether § 301 pre-empted the claim. *Id.* at 2696. In *Moore*, however, the parties did not argue—thus the Court did not address the issue whether—§ 301 pre-empted the § 17200 claim.

dures). But plaintiff's § 17200 claim rests entirely on "the conduct of defendants as hereinbefore alleged." Cmplt. ¶ 25. As explained above, § 301 pre-empts all of plaintiff's claims based on that conduct. Inasmuch as such conduct underlies Bloom's § 17200 claim, § 301 has pre-emptive effect. Were it otherwise, plaintiff would be allowed to evade § 301's pre-emptive effects by re-formulating her contract claim as a fraudulent business practices claim.

### F. The Prospective Economic Advantage Claim

■ Bloom's claim for tortious interference with prospective economic advantage alleges that defendants knew she was foregoing other opportunities in order to work for Studio. Cmplt. ¶ 13. Again, plaintiff has merely re-cast her breach of contract claim as a tort. But "[a] plaintiff may not avoid the preemptive effect of § 301 by merely labeling the causes of action as such claims as … interference with contractual relations or interference with prospective economic advantage. Such claims are still preempted if the underlying employment relationship is governed by a collective bargaining agreement." *Milne v. Sun Carriers, Inc.*, 714 F.Supp. 1028, 1033 (N.D.Cal.1989); *see also Scott v. Machinists Auto. Trades District Lodge*, 827 F.2d 589 (9th Cir.1987); *Evangelista v. Inlandboatmen's Union of Pacific*, 777 F.2d 1390, 1401 (9th Cir.1985).

The underlying employment relationship in this action was governed by a collective bargaining agreement. Accordingly, the Court concludes that § 301(a) pre-empts Bloom's claims for tortious interference with economic advantage—against all defendants, including Cordray and Studio.

For the foregoing reasons, the Court concludes that § 301 pre-empts all of plaintiff's claims.

### 4. Recharacterization as § 301 Claims

■ The Ninth Circuit has explained that "when federal law preempts state law, a state law claim may not be removed unless federal law also supplants it with a federal claim." *Young*, 830 F.2d at 997 (§ 301 case). Thus, although federal law need not

supply the plaintiff with remedies equivalent to those available under state law, *Chmiel*, 873 F.2d at 1287; *Newberry v. Pacific Racing Ass'n*, 854 F.2d 1142, 1149–50 (9th Cir.1988), federal law still must supply the plaintiff with a *claim*, and it does.

Plaintiff's § 301 claim, however, is fatally defective: "[a] bargaining unit employee may not bring an action for breach of a collective bargaining agreement unless he has exhausted the contractual grievance procedures." *Truex v. Garrett Freightlines, Inc.*, 784 F.2d 1347, 1353 (9th Cir. 1985) (affirming district court's granting summary judgment); *see also Seid v. Pacific Bell, Inc.*, 635 F.Supp. 906, 909 (S.D. Cal.1985) (granting defendants' motion to dismiss). It is undisputed that Bloom has not exhausted her contractual grievance procedures.

### 5. The Claims Against Cordray

Bloom's employment contract was with either Studio or Television, or both—the record is not clear. It matters little because, as previously noted, Television is a division of Studio. It is clear that her employment contract was *not* with Cordray. It follows that summary judgment on her claims against Cordray for breach of contract and breach of the covenant of good faith and fair dealing is appropriate, because such claims do not lie against persons not parties to the contract. *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032 (1973).

### 6. Miscellaneous Bloom Contentions

Bloom argues that defendants breached Article 5 of the collective bargaining agreement. *See* Bloom Decl. ¶ 10. But she does not show how that fact, if true, bars summary judgment. In fact, it undercuts her argument: she cannot argue breach of Article 5 without referring to the collective bargaining agreement. Under *Lingle*, 486 U.S. 399, 108 S.Ct. 1877, and *Allis–Chalmers*, 471 U.S. 202, 105 S.Ct. 1904, if the resolution of a state-law claim depends on the meaning of a collective bargaining

agreement, § 301(a) pre-empts the state law claim.[4]

Bloom also argues the collective bargaining agreement is ambiguous. She does not specify how it is ambiguous, or what effect any ambiguity might have. Nothing plaintiff asserts persuades the Court that the collective bargaining agreement is ambiguous.

 Finally, Bloom contends that she should be given leave to amend. But the Ninth Circuit has specifically held that it is not an abuse of discretion to deny leave to amend when such leave is sought solely to avoid summary judgment, *Acri v. International Ass'n of Machinists*, 781 F.2d 1393, 1398 (9th Cir.1986), *cert. denied*, 479 U.S. 816, 107 S.Ct. 73, 93 L.Ed.2d 29 (1986), or would be an exercise in futility. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th cir. 1983). Bloom seeks to avoid summary judgment. In light of her failure to submit her claims to grievance and arbitration, there is no reason to believe that she could amend to state a claim, and the Court declines to permit leave to amend for the purpose of avoiding summary judgment.

### 7. Rule 11 Sanctions

Defendants seek Rule 11 sanctions based on Bloom's § 301 arguments. The Court declines to award such sanctions. Rule 11 sanctions are inappropriate where only a portion of a motion, pleading, or paper is frivolous. *Romero v. City of Pomona*, 883 F.2d 1418, 1429 (9th Cir.1989); *Murphy v. Business Cards Tomorrow, Inc.*, 854 F.2d 1202, 1205 (9th Cir.1988); *Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1540–41 (9th Cir.1986). Defendants do not assert that Bloom's entire opposition is frivolous, and the Court cannot conclude that it falls to that level.

### MOTION FOR REMAND

As is evident from the foregoing, plaintiff's claims for relief are "artfully pleaded" to avoid federal question jurisdiction. Thus, the Court can look "elsewhere to ascertain facts that would appear in a 'well pleaded' complaint." *Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1473 (9th Cir.1984); *see also Williams v. Caterpillar Tractor Co.*, 786 F.2d 928 n. 1 (9th Cir.1986), aff'd, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). *See generally* Comment, *Federal Preemption, Removal Jurisdiction, and the Well–Pleaded Complaint Rule*, 51 U.Chi.L.Rev. 634 (1984).

Well pleaded, plaintiff's complaint would allege that she is a union member suing an employer for damages arising from the termination of an employment contract. Further, her employer and her union are parties to a collective bargaining agreement. As noted above, all of plaintiff's claims for relief are preempted by Section 301 of the Labor Management Relations Act. It follows that removal was proper. Plaintiff's motion to remand her action to state court is denied.

### Conclusion

Bloom's position (assistant head hair stylist) was covered by a collective bargaining agreement. Resolution of all of Bloom's claims—both contract and tort—requires interpretation of that agreement. Accordingly, § 301(a) pre-empts all of Bloom's claims, including those against Television and Cordray, and the action was properly removed to federal court. Recharacterizing her claims as a § 301 claim, the Court holds that her failure to submit to grievance and arbitration procedures renders her claim fatally deficient.

Accordingly, the Court denies plaintiff's motion to remand the action, grants defendants' motion for summary judgment against the plaintiff and orders the complaint dismissed. Counsel for defendants shall lodge a proposed Judgment within seven days.

IT IS SO ORDERED.

---

**4.** Because Bloom's declaration does not set forth the personal knowledge on which she bases her assertion that defendants breached Article 5, the Court cannot consider it. *See* Fed.R.Civ.P. 56(c) (declarations must "show affirmatively that the affiant is competent to testify to the matters therein stated").