Frank CHMIEL, Plaintiff–Appellant,

v.

BEVERLY WILSHIRE HOTEL COMPANY; Regent International Hotels, Ltd., Defendants–Appellees.

No. 87–5601.

United States Court of Appeals,
Ninth Circuit.

Argued March 9, 1988.

Submitted April 7, 1989.

Decided May 3, 1989.

Nancy P. Adel, Adel & Pollack, Beverly Hills, Cal., for plaintiff-appellant.

Robert H. Platt, Manatt, Phelps, Rothenberg & Phillips, Los Angeles, Cal., for defendants-appellees.

Before HUG, ALARCON and KOZINSKI, Circuit Judges.

ALARCON, Circuit Judge:

Frank Chmiel appeals from the order of the district court denying his motion to remand to state court and granting the Beverly Wilshire Hotel Co. (BWHC) and the Regent International Hotels, Ltd. (RIH) motions to dismiss.

Chmiel contends that the case was improperly removed. He argues that each of the causes of action alleged in his complaint was created by state law and was not completely preempted by section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a) (1982).

I.

Chmiel was employed by BWHC as a bellman in the Beverly Wilshire Hotel from 1956 to 1985. He was a member of Local 11 of the Hotel Employees and Restaurant Employees Union, AFL–CIO, (Union). The terms of his employment were governed by a collective bargaining agreement negotiated between the Union and the Hotel–Restaurant Employers Council of Southern California (Council). The collective bargaining agreement specified that employees could be terminated only upon "just cause," and established grievance procedures for "controversies pertaining to the application or interpretation" of the agreement.

In 1985, RIH acquired BWHC. RIH and the Union negotiated a sideletter agreement in which RIH agreed to assume the collective bargaining agreement between the Union and the Council provided that:

> effective December 31, 1985, all employees employed at the Beverly Wilshire Hotel ... will be employed ... as probationary employees ... until April 30, 1986.... [A]s to all such probationary employees, ... [the] Company shall have the absolute right in its sole discretion to lay off or discharge ... and ... any probationary employee so laid off or discharged shall have no rights under the grievance procedure set forth in the ... [collective bargaining] Agreement.

Chmiel remained employed with the Beverly Wilshire Hotel until April 22, 1986. On that day, 8 days before the probationary period under the sideletter agreement lapsed, RIH discharged him.

Chmiel brought an action against BWHC and RIH in the Superior Court of California in which he pleaded five causes of action arising under California law. Three of the causes of action sounded in tort: wrongful discharge in violation of California public policy against age discrimination, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress. The fourth cause of action sounded in contract. Chmiel claimed BWHC and RIH breached an express or implied in-fact agreement that he would not be discharged except upon a showing of good cause. The fifth cause of action was for age discrimination in violation of Cal. Gov't Code § 12941 (West Supp.1988).

BWHC and RIH removed this action to the district court pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1982). Chmiel moved to remand the action to state court. He argued that his causes of action did not arise under federal law and were independent of the collective bargaining agreement. BWHC and RIH also moved to dismiss Chmiel's complaint claiming that his state law causes of action were preempted by federal law. The district court denied Chmiel's motion to remand. The district court granted the defendants' motions to dismiss each of the causes of action as completely

preempted by section 301. In addition, the district court dismissed the complaint with leave to amend for failure to state a claim under the collective bargaining agreement. On January 5, 1987, the complaint was dismissed with prejudice because Chmiel failed to amend his complaint to state a claim under the collective bargaining agreement.

## II.

"We review the denial of a motion to remand an action to state court for want of removal jurisdiction de novo." *Young v. Anthony's Fish Grottos,* 830 F.2d 993, 996 (9th Cir.1987) (citations omitted).

As we recently explained in *Young:*

Even when federal law preempts state law, a state law claim may not be removed unless federal law also supplants it with a federal claim. The federal claim requirement arises from the limitations on removal jurisdiction contained in 28 U.S.C. § 1441. If the plaintiff could not have asserted a federal claim based on the allegations of her state law complaint, she could not have brought the case originally in federal court as required for removal jurisdiction under section 1441. In that case, preemption would be merely asserted as a defense. Thus, *to remove a state law claim to federal court under the complete preemption doctrine, federal law must both completely preempt the state law claim and supplant it with a federal claim.*

*Id.* at 997 (citations omitted) (emphasis added); *accord Hunter v. United Van Lines,* 746 F.2d 635, 643 (9th Cir.1985) ("removal is improper when federal law simply displaces state law without replacing the state cause of action with a federal one") *cert. denied,* 474 U.S. 863, 106 S.Ct. 180, 88 L.Ed.2d 150 (1985).

To decide whether the district court erred in denying Chmiel's motion to remand, we must determine whether each of Chmiel's causes of action are completely preempted by federal law.

"The preemptive force of section 301 is so powerful as to displace entirely any state cause of action for violation of a collective bargaining agreement." *Paige v. Henry J. Kaiser Co.,* 826 F.2d 857, 861 (9th Cir.1987) *cert. denied,* —— U.S. ——, 108 S.Ct. 2819, 100 L.Ed.2d 921 (1988) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 23, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983)). "[S]ection 301 preempts any individual labor contract inconsistent with a collective bargaining agreement in order to assure uniform federal interpretation of the collective agreement." *Young,* at 1001 (citing *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 211, 105 S.Ct. 1904, 1911, 85 L.Ed.2d 206 (1985)). Additionally, it preempts "claims which are substantially dependent on analysis of a collective bargaining agreement." *Paige* at 861 (citation omitted).

However, " '[n]ot every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by section 301 or other provisions of the federal labor law.' " *Id.* at 863 (quoting *Allis-Chalmers,* 471 U.S. at 211, 105 S.Ct. at 1911). "[A] claim is not preempted if it poses no significant threat to the collective bargaining process and furthers a state interest in protecting the public transcending the employment relationship." *Young,* at 1001; (citing *Garibaldi v. Lucky Food Stores,* 726 F.2d 1367, 1373–75 (9th Cir.1984), *cert. denied,* 471 U.S. 1099, 105 S.Ct. 2319, 85 L.Ed.2d 839 (1985)).

■ Chmiel's contract cause of action is preempted by section 301. Chmiel alleges in his complaint that his employer, independently of the collective bargaining agreement, expressly or impliedly agreed that he would not be involuntarily terminated except upon a showing of good cause. This alleged independent agreement is inconsistent with the express terms of the collective bargaining agreement as modified by the sideletter agreement. Under the sideletter agreement, Chmiel was a probationary employee at the time of his discharge whom BWHC and RIH had "the absolute right in [their] sole discretion to ... discharge." Moreover, the collective bargaining agreement provides that "[n]o employee covered

by this Agreement shall be ... allowed to enter into any individual contract or agreement with the Employer ... varying the conditions of employment contained [in the collective bargaining agreement]."

A claim based upon an independent employment contract is not completely preempted if it concerns a job not governed by a collective bargaining agreement. *Young*, at 998; *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 2430–32 and 2431 n. 9, 96 L.Ed.2d 318 (1987) ("[plaintiffs] rely on contractual agreements made while they were in managerial or weekly salaried positions—agreements in which the collective-bargaining agreement played no part."). Since Chmiel's independent contract claim concerns a job position governed by the collective bargaining agreement, it is completely preempted by section 301. *See Young* at 997–999.

### III.

█ Chmiel's tort claim for breach of the implied covenant of good faith and fair dealing is also completely preempted under section 301. We held in *Young* that the implied covenant tort is waived where the collective bargaining agreement contains terms concerning job security. *Id.* at 1000. *See also Paige* at 861–862 (breach of implied covenant of good faith and fair dealing cause of action preempted because it places "in issue the terms of the collective bargaining agreement").

### IV.

█ Chmiel's claim of intentional infliction of emotional distress resulting from the termination of his employment arises out of the same conduct which formed the basis of the contract claim. "As resolution of the claims is inextricably intertwined with the interpretation of the CBA, they are preempted." *Young* at 1002 (citations omitted); *See Newberry v. Pac. Racing Assoc.*, 854 F.2d 1142, 1149–50 (9th Cir. 1988) (emotional distress claim arises out of discharge and cannot be decided without interpreting or analyzing the terms of CBA and is therefore preempted under section

301). The claim of emotional distress is preempted by section 301.

### V.

█ Chmiel's age discrimination claim for wrongful discharge in violation of California public policy and Cal. Gov't Code § 12941, however, is not preempted by section 301. The California statute is in furtherance of the declared policy of prohibiting an employer from refusing "to hire or employ, or to discharge, dismiss, reduce, suspend, or demote any individual over the age of 40 on the ground of age." Cal. Gov't. Code § 12941.

California's age discrimination law is a nonnegotiable right and applies to both unionized and nonunionized workers. *Ackerman v. Western Elect. Co., Inc.*, 860 F.2d 1514, 1517 n. 2 (9th Cir.1988). The Supreme Court reiterated that the proper test for preemption is whether resolution of the state law claim requires interpretation of the collective bargaining agreement. *Lingle v. Norge Div. of Magic Chef, Inc.,* — U.S. ——, 108 S.Ct. 1877, 1882 n. 7, 100 L.Ed.2d 410 (1988) ("as long as state law claim can be resolved without interpreting the agreement itself, the claim is independent of the agreement for section 301 preemption purposes").

We recently held that antidiscrimination statutes were not preempted by section 301 because the right is defined and enforced under state law without reference to the terms of any collective bargaining agreement. *See Ackerman v. West. Elect. Co., Inc.*, 860 F.2d 1514, 1517–1518 (9th Cir. 1988) (claim based on California Government Code § 12940 for discrimination because of physical handicap or medical condition not preempted by section 301 even where CBA contained general discrimination clause because right is defined and enforced under state law without reference to the terms of any collective bargaining agreement); *Miller v. AT & T Network Sys.*, 850 F.2d 543 (9th Cir.1988) (Oregon's antidiscrimination statute created a mandatory and independent state right which is not preempted by Section 301). Califor-

nia's age discrimination statute creates a mandatory and independent state right which is not preempted by section 301.

## VI.

 Chmiel argues that his action should not have been removed because federal law does not "supplant" or provide substitute remedies for his claims. "Although this court at one time stated that a case could not be removed to federal court on complete preemption grounds unless the federal cause of action relied upon provided the plaintiff with a remedy, this analysis has been squarely rejected by the Supreme Court." *Newberry*, 854 F.2d at 1146 (citation omitted). Therefore, "we need only inquire whether [the] claim arose under section 301, thus permitting removal to federal court, although the plaintiff may have sought a remedy available only under state law." *Id.* (citation omitted); *see also Young*, 830 F.2d at 998–99 (employer's individual contract claim completely preempted and supplanted by a federal claim for breach of the CBA under section 301 even though Young's probationary status might ultimately bar an effective remedy under the CBA).

Chmiel's claim that he could not be terminated without a showing of good cause was properly removed to federal court. The collective bargaining agreement as modified by the side-letter agreement, sets forth the conditions for terminating a probationary employee. Chmiel's union waived his implied covenant rights in the sideletter agreement when it agreed that he could be dismissed without just cause and without access to the grievance procedures. This court has found that "a union can waive the right of a probationary employee to the protection of California's implied covenant tort." *Young*, at 1001. Since Chmiel was covered by the CBA, his "implied covenant claim was preempted by section 301 even though [he] may have no comparable employment protection under the CBA." *Id.* Therefore, the supplantation requirement is met and the claims can serve as a basis for federal removal jurisdiction.

## CONCLUSION

The district court did not err in denying Chmiel's motion to remand this matter to state court. The district court properly assumed removal jurisdiction over the contract claim, the implied covenant of good faith and fair dealing claim, and the emotional distress claim as causes of action completely preempted under section 301 because of the existence of a collective bargaining agreement.

The age discrimination claim is not preempted by section 301 because it alleges a violation of California public policy. We remand the age discrimination cause of action to the district court. The district court shall determine whether to retain pendent jurisdiction over the age discrimination claim or to remand it to state court.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.