

M. Howard Wayne, Deputy Atty. Gen., San Diego, Cal., for plaintiff.

Bless Stritar Young, Fulbright, Jaworski & Reavis McGrath, Los Angeles, Cal., for defendants.

### MEMORANDUM DECISION AND ORDER

GILLIAM, District Judge.

Defendant's application to reconsider order of remand came on for hearing on October 11, 1989, at 3:00 p.m. before the Honorable Earl B. Gilliam, in chambers. Plaintiff State of California was represented by Deputy Attorney General M. Howard Wayne. Bless Stritar Young and Ronald D. Secrest appeared by telephone for defendant TWA. At the conclusion of the hearing, the court took the matter under submission. Having considered the points and authorities and oral argument of counsel, the court issues this memorandum decision affirming the granting of the motion to remand with no stay of its ruling.

This court ruled that the federal law which arguably preempts the state law cause of action must itself create a cause of action applicable to the plaintiff before the federal court may establish removal jurisdiction under the "complete preemption" doctrine. TWA argued in its application for reconsideration that this court's ruling was "erroneous" and "narrow." To support its argument, TWA cited language from *Newberry v. Pacific Racing Ass'n*, 854 F.2d 1142 (9th Cir.1988):

> Although this court at one time stated that a case could not be removed to federal court on complete preemption grounds *unless the federal cause of action relied upon* provided the plaintiff with a remedy, this analysis has been squarely rejected by the Supreme Court.

**PEOPLE OF the STATE OF CALIFORNIA, Plaintiff,**

v.

**TRANS WORLD AIRLINES, INC., a Delaware corporation, and Does 1–10, inclusive, Defendants.**

**Civ. No. 89–0538–G(CM).**

United States District Court, S.D. California.

Nov. 6, 1989.

*Id.* at 1146 (emphasis added) (citations omitted).

TWA's argument ignores the underlined language above and fails to distinguish between a cause of action and a remedy. It is true that removal jurisdiction exists even where the federal statute relied upon does not offer plaintiff any remedy or the same type of remedy as the state cause of action that she may have brought. *Id.; Caterpillar Inc. v. Williams,* 482 U.S. 386, 391 n. 4, 107 S.Ct. 2425, 2429, n. 4, 96 L.Ed.2d 318 (1987); *Chmiel v. Beverly Wilshire Hotel Co.,* 873 F.2d 1283, 1287 (9th Cir. 1989). However, it is well settled that to establish removal jurisdiction the federal law relied upon must at least create a cause of action applicable to the plaintiff:

> Even when federal law preempts state law, a state law claim may not be removed unless federal law also supplants it with a federal claim. The federal claim requirement arises from the limitations on removal jurisdiction contained in 28 U.S.C. § 1441. If the plaintiff could not have asserted a federal claim based on the allegations of her state law complaint, she could not have brought the case originally in federal court as required for removal under section 1441. In that case, preemption would merely be asserted as a defense. Thus, *to remove a state law claim to federal court under the complete preemption doctrine, federal law must both completely preempt the state law claim and supplant it with a federal claim.*

*Chmiel,* 873 F.2d at 1285 (emphasis in original) (quoting *Young v. Anthony's Fish Grottos,* 830 F.2d 993, 997 (9th Cir.1987)). *See also Caterpillar v. Williams,* 482 U.S. at 391–94, 107 S.Ct. at 2429–30; *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 24, 103 S.Ct. 2841, 2854, 77 L.Ed.2d 420 (1983) ("... if a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law.").

TWA has cited no cause of action available to plaintiff in this case under the Federal Aviation Act or its counterparts, and the court does not believe that any exist. *See,* 49 U.S.C.A.App. § 1471. Therefore, plaintiff's state law consumer protection claims are not completely preempted, and this court does not have federal question subject matter jurisdiction. Plaintiff's motion to remand must be granted, and our earlier decision is affirmed.

IT IS SO ORDERED.