19 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerome R. DOWNEY, Plaintiff-Appellee,
v.
GENERAL INTERIORS, INC., Defendant-Counter-Claimant-Appellant,
Sydney Woltkamp, Defendant-Appellant.
Jerome R. DOWNEY, Plaintiff-Appellee-Cross-Appellant,
v.
Sydney WOLTKAMP, Defendant-Appellant-Cross-Appellee,
General Interiors, Inc.
Defendant-Counter-Claimant-Appellant-Cross-Appellee.
Jerome R. DOWNEY, Plaintiff-Appellee,
v.
GENERAL INTERIORS, INC.; Sydney Woltkamp, Defendants-Appellants.
 Nos. 92-16711, 92-16797, 93-15139.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 9, 1994.
Decided March 3, 1994.
 
 Before: HUG, FARRIS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 BACKGROUND
 
 2
 E. Charles Woltkamp ran General Interiors, Inc. a drywall taping company, as a sole proprietorship until it was incorporated in March, 1989. Woltkamp and his wife, Sydney Woltkamp, are the shareholders and officers of the corporation. As a member of a drywall contractors association, General Interiors is a signatory to a collective bargaining agreement with the International Brotherhood of Painters and Allied Trades, AFL-CIO.
 
 
 3
 The agreement obligates General Interiors to make contributions to employee benefit plans (the "Trust Funds"). If the employer stays current with its benefit payments and meets its other obligations, then the Union issues a "shop card," certifying that the employer has complied with the collective bargaining agreement, and refers its members to the employer. If, on the other hand, the employer becomes delinquent in its benefit payments, then the Union suspends the shop card and stops referring workers until the employer pays the amount due plus liquidated damages. Even if the Union withdraws its workers, the employer remains bound by the terms of the collective bargaining agreement and must make payments to the Trust Funds.
 
 
 4
 In December of 1988, General Interiors began to fall behind in its benefit payments. The Union suspended General Interiors' shop card in May of 1989 and refused to allow its members to work for the company. From May through December of 1989, General Interiors made some payments to the Trust Funds, but the Union never reissued a shop card. By the time General Interiors stopped making payments to the Trust Funds in 1990, the Union calculated that the company owed more than $36,000.
 
 
 5
 As a fiduciary for the Trust Funds, Jerome R. Downey brought an action under the Labor Management Relations Act and the Employee Retirement Income Security Act against General Interiors and Sydney Woltkamp for collection of the delinquent benefit payments. General Interiors counterclaimed for reimbursement of benefit payments it made after the Union suspended its workers. Ruling on the parties' motions for summary judgement, the district court held that General Interiors, Inc. was liable for payments due after the date of incorporation, but not for the debts of the sole proprietorship. Sydney Woltkamp was not held personally responsible for any of General Interiors' debts. The court denied General Interiors' counterclaim and awarded the Trust Funds $44,615.49 in damages, representing the delinquent benefit payments, liquidated damages, and prejudgment interest. The court also granted the Trust Funds' motion for attorney fees, while denying General Interiors attorney fees for prevailing in its defense of the claim against the sole proprietorship.
 
 
 6
 Both sides appeal.
 
 DISCUSSION
 
 7
 * Under the collective bargaining agreement, General Interiors was still obliged to make benefit payments after the Union had withdrawn its workers. Federal law preempts the application of a state law claim or defense "that purports to define the meaning or scope" of a collective bargaining agreement. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210 (1985); Chmiel v. Beverly Wilshire Hotel Co., 873 F.2d 1283, 1285 (9th Cir.1989). "Traditional contract law does not apply in full force in suits brought under the LMRA and ERISA to collect delinquent trust fund contributions." Southern California Retail Clerks Union v. Bjorkland, 728 F.2d 1262, 1265 (9th Cir.1984). Therefore, General Interiors's state contract defenses, including its defense under the implied covenant of good faith and fair dealing, are preempted by Section 301 of the LMRA, 29 U.S.C. Sec. 185. See, e.g., id.; Chmiel, 873 F.2d at 1256; Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 1001 (9th Cir.1987).
 
 
 8
 The cases cited by General Interiors do not support the application of state law to this dispute. The Supreme Court has held that employers are not obliged to make benefit payments if doing so would violate federal antitrust and labor statutes. Kaiser Steel Corp. v. Mullins, 455 U.S. 72, 79 (1982). But the fact that federal laws may excuse an employer from its benefit payment obligations does not mean that all state laws have similar effects. Cf. Allis-Chalmers, 471 U.S. at 210-211. Courts have considered both " 'ordinary principles' of contract law" and "national labor policy" in determining whether parties ever intended to enter into a collective bargaining agreement. National Marine Eng'rs. Beneficial Ass'n v. Globe Seaways, Inc., 451 F.2d 1159, 1162 (2d. Cir.1971); Operating Eng'rs. Pension Trust v. Gilliam, 737 F.2d 1501, 1504-05 (9th Cir.1984). But this does not mean that state contract laws may invalidate the terms of a collective bargaining agreement when neither party disputes the existence of that agreement. Gilliam, 737 F.2d at 1504-05.
 
 
 9
 The Union's withdrawal of its work force did not excuse General Interiors from its obligations to the Trust Funds.
 
 II
 
 10
 General Interiors, Inc. is liable for the unpaid benefit contributions of the sole proprietorship.
 
 
 11
 In general, although a successor employer is required to bargain in good faith with a union that has signed a collective bargaining agreement with a predecessor employer, a successor is not bound by the substantive terms of the agreement. However, there are two types of cases in which a successor employer must abide by its predecessor's collective bargaining agreement. The first type of case "involve[s] a mere technical change in the structure or identity of the employing entity ... without any substantial change in its ownership or management." Howard Johnson, Co. v. Hotel Employees, 417 U.S. 249, 261 n. 5 (1974). For the purposes of federal labor law, when the ownership or management has not changed significantly, then the successor is considered the predecessor's "alter ego" and is automatically bound by the predecessor's legal and contractual obligations. In the second type of case, a company undergoes substantial changes, but the successor either expressly adopts the predecessor's collective bargaining agreement or impliedly adopts it by acting in a way that is consistent with an intent to abide by the agreement. Howard Johnson, 417 U.S. at 261 n. 5, 264; New England Mechanical, Inc. v. Laborers Local Union 294, 909 F.2d 1339, 1342-43 (9th Cir.1990).
 
 
 12
 General Interiors, Inc. is the alter ego of the sole proprietorship. The corporation is automatically bound by the sole proprietorship's contractual obligations under the collective bargaining agreement. When Charles Woltkamp incorporated his sole proprietorship, he did not significantly change the ownership or management of General Interiors. The shareholders and officers of the corporation are Woltkamp and his wife. The incorporation did not alter the type of business conducted by General Interiors. As the alter ego of the sole proprietorship, the corporation is liable for the sole proprietorship's overdue contributions to the Trust Funds. Hawaii Carpenters Trust Funds v. Waiola Carpenter Shop, Inc., 823 F.2d 289, 293-94 (9th Cir.1987); Upholsterers' Int'l. Union Pension Fund v. Artistic Furniture 920 F.2d 1323, 1329 (7th Cir.1990).
 
 
 13
 The fact that the sole proprietorship is in bankruptcy does not limit the Trust Funds' ability to pursue remedies against the incorporated form of General Interiors outside of the bankruptcy proceedings. The alter ego doctrine protects employees from employers who would attempt "to avoid the effect of the labor laws" by making technical changes in the structure of their businesses. Howard Johnson, 417 U.S. at 261, n. 5. Thus, federal labor policies justify making an exception to the traditional common law rule, which is "designed to maximize the fluidity of corporate assets" by limiting a successor's liability for the debts of its predecessor. Artistic Furniture, 920 F.2d at 1325-27.
 
 
 14
 There are not analogous policies that would justify treating the incorporated form of General Interiors the same as its predecessor sole proprietorship under Chapter 11 of the Bankruptcy Code. Chapter 11 protects the debtor, not its principals or co-debtors. In re Rohnert Park Auto Parts, Inc. 113 B.R. 610, 614 (Bankr. 9th Cir.1990). In general, the discharge of a debtor in bankruptcy does not affect the liability of co-debtors. Underhill v. Royal, 769 F.2d 1426, 1432 (9th Cir.1985). Charles Woltkamp elected to seek relief in bankruptcy court for the sole proprietorship, but not for the corporation. Nothing in the record reflects that the bankruptcy court has temporarily enjoined suits against the corporation. Cf. In re American Hardwoods, Inc., 885 F.2d 621, 624-25 (9th Cir.1989) (stating that, prior to confirmation of a reorganization plan, a bankruptcy court may temporarily enjoin suits against co-debtors if necessary to protect a bankrupt debtor). The Trust Funds may properly proceed in the district court against General Interiors, Inc. to collect the sole proprietorship's overdue benefit payments.
 
 III
 
 15
 The record does not support General Interiors' challenges to the district court's assessment of damages. The Trust Funds' complaint explicitly requested damages for all delinquent benefit payments, plus interest and liquidated damages. We find nothing in the record that calls into question the accuracy of the district court's calculation of interest.
 
 
 16
 General Interiors contends that the Trust Funds motion for attorney fees was untimely, but offers no reason for overturning the district court's determination that, pursuant to the local rules, the motion was timely. The Trust Funds may properly recover attorneys' fees.
 
 
 17
 Sydney Woltkamp, who prevailed on the issue of her personal liability for the corporation's debts, is not entitled to attorney fees. Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir.1980).
 
 IV
 
 18
 We AFFIRM the district court's ruling that General Interiors, Inc. continued to be bound by the collective bargaining agreement. We REVERSE the district court's ruling that General Interiors, Inc. was not liable for the debts of its sole proprietor predecessor and REMAND for further proceedings to determine the damages.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3