67 F.3d 307
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Evelyn J. McCAULEY, Plaintiff-Appellee,
v.
FRED MEYER INC; Gary Roeter, Defendant-Appellant.
 No. 94-35319.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 13, 1995.
Decided Sept. 28, 1995.
 
 1
 Before: SCHROEDER, REINHARDT, and FERNANDEZ Circuit Judges.
 
 
 2
 MEMORANDUM*
 
 
 3
 The defendants challenge the district court's decision that McCauley's two state causes of action were not preempted by Sec. 301 of Labor Management Relations Act (LMRA, 29 U.S.C. Sec. 185(a)). We affirm in part and reverse in part, holding that McCauley's claim of intentional infliction of emotional distress is not preempted but that her claim of intentional interference with her employment contract is.
 
 
 4
 McCauley worked as a grocery checker at a Fred Meyer store. She was suspended following a shouting match with co-worker, Lisa Roeter. McCauley alleges that as she was leaving the store, Gary Roeter, Lisa Roeter's husband and McCauley's immediate supervisor, forcibly bumped into her, thrusting her off balance and forcing her to grab a beer display to keep from falling.[1] McCauley further alleges that a moment later Roeter rammed into her again and grabbed her. Before leaving the store, McCauley called the police to complain that Roeter had attacked her. The officers talked with McCauley and Roeter, and then left the store. Finally, McCauley alleges that Gary Roeter lied about what happened in describing the incident to the store director.
 
 
 5
 McCauley filed suit in state court, alleging: 1) race discrimination by Fred Meyer in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq, 42 U.S.C. Sec. 1981 and ORS 659.030; 2) intentional infliction of emotional distress by Fred Meyer and Gary Roeter; and 3) intentional interference on the part of Gary Roeter with her employment contract with Fred Meyer. Appellants removed the suit to federal court. The district judge: 1) granted summary judgment against McCauley's on her claim of race discrimination; 2) held that McCauley's two state tort claims were not preempted by Sec. 301 of the Labor-Management Relations Act; 3) and remanded them to state court.
 
 
 6
 The only issue before us is whether the judge erred in holding that McCauley's two state law tort claims were not preempted. "To determine whether a state law claim is completely preempted under section 301, the relevant inquiry is whether resolution of the claim requires the interpretation of a collective bargaining agreement." Milne Employees Ass'n v. Sun Carriers, Inc., 960 F.2d 1401 (9th Cir.1991), citing Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 413 (1988). The pivotal question "is whether 'the state law factual inquiry ... turns on the meaning of any provision of the collective bargaining agreement.' " Galvez v. Kuhn, 933 F.2d 773, 776 (1991), citing Ackerman v. Western Electric Co., Inc., 860 F.2d 1514, 1517 (9th Cir.1988).
 
 
 7
 Preemption of a state law emotional distress claim is likely where the claim arises out of the circumstances of the plaintiff's discharge or suspension. See, e.g., Harris v. Alumax Mill Products, Inc., 897 F.2d 400, 403 (9th Cir.1990); Chmiel v. Beverly Wilshire Hotel Co., 873 F.2d 1283, 1286 (9th Cir.1989); Newberry v. Pacific Racing Association, 854 F.2d 1142, 1146 (9th Cir.1988); Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 1002) (9th Cir.1987). There are, however, a number of instances in which intentional infliction of emotional distress claims are not preempted in such circumstances. See Lingle v. Norge Division of Magic Chef Inc., 486 U.S. 399 (1988).
 
 
 8
 We agree with the district court that McCauley's state-law claim of intentional infliction of emotional distress is not preempted by section 301 of the Labor Management Relations Act. McCauley's allegations, if true, rise to the level of battery or analogous physical conduct and clearly do not involve the interpretation of a collective bargaining agreement.
 
 
 9
 As to McCauley's second state law claim, intentional interference with her employment contract, we reverse the district court's holding. We hold that claim preempted. As we have previously held, "Interference with contract relations is obviously connected with interpretation of the contract." Scott v. Machinists Automotive Trade D. Lodge, 827 F.2d 589, 592 (9th Cir.1987). That is certainly true in a case of a supervisor who makes a report or recommendation to his employer regarding an employee's conduct and the potential contractual consequences.
 
 
 10
 Appellants also argue that they are entitled to summary judgment on McCauley's state law claims. Rather than address that argument, the district judge granted summary judgment on the federal claim, then remanded the pendent state claims. He was entitled to do so. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).
 
 
 11
 The parties shall bear their own costs on appeal.
 
 
 12
 AFFIRMED IN PART, REVERSED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Roeter acknowledges colliding with McCauley but blamed the collision on a neuromuscular disability on his part