107 F.3d 878
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael VETA, Plaintiff-Appellant,
v.
AMERICAN AIRLINES, INC., Defendant-Appellee.
 No. 95-56299.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1997.*
Decided Feb. 28, 1997.
 
 1
 Before: D.W. NELSON, TROTT, Circuit Judges, and ROBERT J. BRYAN,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Michael Veta appeals the district court's dismissal of his complaint for breach of contract and breach of the implied covenant of good faith and fair dealing arising from his termination from employment by American Airlines, Inc. ("American"). Veta argues that his disputes with American do not require interpretation of the collective bargaining agreement ("CBA") and that his state claims are not preempted by the Railway Labor Act ("RLA"), 45 U.S.C. § 151, et seq. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 4
 Veta was employed as a pilot by Air California from June 1985 until August 1987, when Air California was purchased by American. American's pilots were represented by Allied Pilots Association ("Union"), and Veta's employment came under the authority of the pre-existing CBA.
 
 
 5
 Section 21.B.5 of the CBA requires that pilots devote their entire professional flight service to American with the exception of military service for the United States. Veta stated that he was not aware of this rule. He was employed part time as a pilot for a private corporation. After investigation by American, he was terminated on June 30, 1992, for violation of § 21.B.5. Veta complied with all of the CBA's provisions for post-termination appeal procedures. At each step in the process, he was represented by his union and was unsuccessful. On October 24, 1993, the American Airlines Pilot System Board of Adjustment, designated under the RLA for dispute resolution, ruled that American had terminated Veta for just cause.
 
 
 6
 In his federal complaint, Veta's claims included state law claims for breach of his employment contract and breach of the implied covenant of good faith and fair dealing. He alleged that his employment agreement was breached in the following ways: termination without good cause; illegal investigation of American's charges against him; termination for violation of a CBA provision of which he claims ignorance; and illegal delay between his initial termination and final decision of the System Board of Adjustment.
 
 
 7
 The district court granted American's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), finding that the Union's CBA governed the terms of Veta's employment with American and that his state law claims for breach of contract and breach of the implied covenant required interpretation of the CBA. Therefore, the district court concluded that Veta's claims constituted a "minor dispute" pursuant to 45 U.S.C. § 151a and were preempted. We agree.
 
 I.
 
 8
 We review de novo a dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). All factual allegations are accepted as true and construed in the light most favorable to the nonmoving party. Smith v. Jackson, 84 F.3d 1213, 1217 (9th Cir.1996). We may affirm the district court's dismissal on any basis that is fairly supported by the record. Kimes v. Stone, 84 F.3d 1121, 1126 (9th Cir.1996).
 
 II.
 
 9
 The issue presented to us is whether Veta's claims for breach of contract and breach of the implied covenant of good faith and fair dealing require interpretation of the CBA and are therefore subject to the exclusive jurisdiction of the dispute mechanism in the RLA as minor disputes. The RLA was enacted "to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes." Felt v. Atchison, Topeka & Santa Fe Ry. Co., 60 F.3d 1416, 1419 (9th Cir.1995) (citing Atchison, T. & S.F.R. Co. v. Buell, 480 U.S. 557, 562, 107 S.Ct. 1410, 1413-14 (1987)). To accomplish this goal, a mandatory mechanism for the arbitration of "major" and "minor" disputes was established in 45 U.S.C. §§ 151a, 153. "Major" disputes are those that pertain to "the formation of collective bargaining agreements or efforts to secure them" and "minor" disputes "grow[ ] out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions." 45 U.S.C. § 153 (first (i)). Minor disputes also "involve controversies over the meaning of an existing collective bargaining agreement in a particular fact situation." Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 114 S.Ct. 2239, 2244 (1994) (holding that airline mechanic's claim pursuant to violation of Hawaii's whistle blower protection statute is not preempted by RLA). "Obviously, to say that a minor dispute can be 'conclusively resolved' by interpreting the CBA is another way of saying that the dispute does not involve rights that exist independent of the collective bargaining agreement." Id. at 2250. In the Hawaiian Airlines decision, the Supreme Court adopted the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185a (Section 301) standard for RLA cases. Id. at 2249, n. 9. See also Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 748 (9th Cir.1993) (finding that LMRA preempts state law claims if they are based on, or require the interpretation of, a collective bargaining agreement.). Minor disputes "must be resolved only through the RLA mechanisms, including the carrier's internal dispute-resolution processes and an adjustment board established by the employer and the unions. Thus, a determination that respondent's complaints constitute a minor dispute would pre-empt his state law actions." Hawaiian Airlines, 114 S.Ct. at 2244 (citations omitted).
 
 
 10
 In this case, § 21 of the CBA outlines, in considerable detail, the on and off duty flight time limitations, required rest periods, flight pay and flight time credits. The CBA clearly addresses issues dealing with pilot discipline, termination, investigations and hearings. Section 27 of the CBA sets forth the procedures for the investigation of pilots when suspected of rule violations and the appropriate discipline, including notice requirements. In compliance with the RLA, §§ 29.A and D of the CBA establishes a System Board of Adjustment, with final and binding authority over disputes arising under the terms of the agreement. Included in this section are time lines for Board proceedings and employee rights at Board hearings. Veta availed himself of these provisions beginning with a grievance and ending with the final decision by the System Board. At all times, Mr. Veta was represented by a Union representative.
 
 
 11
 Veta's breach of employment contract claims are, by his own allegation, rooted in the CBA. First, in his complaint, he alleges that his employment is governed by the CBA. Second, his contention that American conducted an illegal investigation is covered by § 27 of the CBA. Third, his allegations of due process violations require application and interpretation of §§ 27 and 29 of the CBA. Clearly, these disputes are minor disputes.
 
 
 12
 In Magnuson v. Burlington Northern, Inc., 576 F.2d 1367, 1369 (9th Cir.1978), we held that Magnuson's tort claims, arising from his termination from employment, were minor disputes and covered by the labor union contract governing his employment. Like Veta, Magnuson claimed abuses of the investigatory process and errors in the hearing procedures. Id. Because these matters were governed by the labor contract, we held that they fell within the exclusive purview of the RLA and were preempted. Id. at 1370. See also Andrews v. Louisville & Nashville R.R., 406 U.S. 320, 323-25 (1972).
 
 
 13
 As to Veta's claim for breach of the implied covenant of good faith and fair dealing, we have previously held that such a claim is preempted by Section 301 of the LMRA "when an employee enjoys comparable job security under a collective bargaining agreement." Milne Employees Ass'n v. Sun Carrier, Inc., 960 F.2d 1401, 1411 (9th Cir.1992) (holding that breach of implied contract based on alleged false representations preempted by the CBA and Section 301 of LMRA). In Milne, we recognized that this cause of action under California law was developed for at-will employees who had no contractual protections for their employment. Id. at 1411 (citing Seaman's Direct Buying Service, Inc. v. Standard Oil Co. of Cal., 686 P.2d 1158, 1166 (Cal.1984)). For the same reason, Veta is bound by the terms of his employment contract, and his claim for breach of an implied covenant is likewise preempted. See, e.g., Cook v. Lindsay Olive Growers, 911 F.2d 233, 238-39 (9th Cir.1990); Chmiel v. Beverly Wilshire Hotel Co., 873 F.2d 1283, 1286 (9th Cir.1989).
 
 
 14
 Veta argues that Congress, in enacting the RLA, did not intend to completely divest the state of the ability to supplant the RLA with provisions protecting individual employees rights. At the same time, Veta concedes that the RLA preempts matters concerning union organization and collective bargaining. Veta's attempts to recast his claims as a form of discrimination are not supported by his complaint or the facts of the case. Clearly, his claims are inextricably intertwined with CBA and are preempted pursuant to the RLA. Felt, 60 F.3d at 1420 (citations omitted).
 
 III.
 
 15
 American stated its intent to request attorney fees pursuant to Fed.R.App.R. 38 and Ninth Cir.R. 39-1.6. We deny the request.
 
 IV.
 
 16
 In conclusion, we affirm the district court's dismissal of appellant's complaint for failure to state a claim. Veta's claims are "minor" disputes within the meaning of the Railway Labor Act, 45 U.S.C. § 151a, and are preempted by the collective bargaining agreement. American's request for attorney fees is denied.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Robert J. Bryan, United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to by the courts of this circuit