141 F.3d 1183
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Diane YOUNG, William Hurskin, and Charles Anderson,
Plaintiffs-Appellants,
v.
LOCKHEED ADVANCED DEVELOPMENT CO., a division of Lockheed
Corp.; and Lockheed Corp., a corporation,
Defendant-Appellee.
 No. 96-56643.
D.C. No. CV-95-2231-JSL.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 2, 1998.
Decided April 8, 1998.
 
 1
 Appeal from the United States District Court for the Central District of California J. Spencer Letts, District Judge, Presiding.
 
 
 2
 Before WIGGINS and KLEINFELD, Circuit Judges, and SMITH, District Judge**.
 
 
 3
 MEMORANDUM*
 
 
 4
 Diane Young, William Hurskin, and Charles Anderson ("appellants") appeal the district court's grant of summary judgment in favor of their employer, Lockheed Co., on three claims arising from the termination of their security accesses: 1) racial discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940; 2) breach of contract; and 3) breach of the covenant of good faith and fair dealing.
 
 
 5
 Appellants contend that the district court erred in granting summary judgment on their FEHA claims on the ground they failed to establish a prima facie case of discrimination. They also contend that the district court erred in granting summary judgment on appellants' claims for breach of contract and breach of the covenant of good faith and fair dealing on the ground that these claims were preempted by the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 I. FEHA Claims
 A. Anderson's Claim
 
 6
 Filing a timely charge of discrimination with the California Department of Fair Employment and Housing ("DFEH") is a jurisdictional prerequisite to the filing of an action for damages under FEHA. See Cal. Gov't.Code § 12960. Plaintiffs have one year from the date of the alleged violation in which to file charges with DFEH.
 
 
 7
 DFEH has no record of any charges filed by Anderson prior to filing this action. Anderson's own uncorroborated and very generalized testimony that he filed a claim with DFEH prior to filing this action is not sufficient to raise a genuine issue as to whether or not he filed a claim. See Johnson v. Washington Metropolitan Transit Authority, 883 F.2d 125, 128 (D.C.Cir.1989) (discussing cases in which self-serving testimony uncorroborated by other evidence did not create a genuine issue of material fact). Anderson has acquired a right to sue letter from DFEH since filing this action, but his belated filing does not cure the jurisdictional defect in the present action. Summary judgment as to Anderson's claim was proper.
 
 B. Young and Hurskin
 
 8
 California looks to federal employment discrimination law when analyzing FEHA discrimination claims. Levy v. Regents of the Univ. of California, 199 Cal.App.3d 1334, 1343, 245 Cal.Rptr. 576, 581 (1988). In order to establish a case of employment discrimination, a plaintiff must first establish a prima facie case of discrimination. If the plaintiff establishes a prima facie case, the burden then shifts to the defendant to articulate a legitimate nondiscriminatory reason for its action. In order to prevail, the plaintiff must demonstrate that the employer's alleged reason for its action is a pretext for a discriminatory motive. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); Lowe v. City of Monrovia, 775 F.2d 998, 1004-05 (9th Cir.1986), amended on other grounds, 784 F.2d 1407; Diaz v. American Telephone & Telegraph, 752 F.2d 1356, 1358-59 (9th Cir.1985).
 
 
 9
 In order to establish a prima facie case of discrimination, a plaintiff must offer evidence that "gives rise to an inference of unlawful discrimination." Lowe, 775 F.2d at 1004-05. The district court ruled that plaintiffs had failed to establish a prima facie case because they had not provided evidence that non-minority employees were treated differently. Plaintiffs argue that such a showing is not required. Plaintiffs are correct.
 
 
 10
 There is no hard and fast rule regarding the particular type of evidence plaintiffs are required to adduce in order to establish a prima facie case of discrimination. Although courts routinely apply the four-part test set out in McDonnell Douglass, a plaintiff may attempt to raise an inference of discrimination "in whatever manner is appropriate in the particular circumstances." Diaz, 752 F.2d at 1361.
 
 
 11
 "Any indication of discriminatory motive--including evidence ... [about defendant's] 'general policy and practice with respect to minority employment'--may suffice to raise a question that can only be resolved by a factfinder." Lowe, 775 F.2d at 1009 (internal citations omitted).
 
 
 12
 Evidence that similarly situated non-minority employees were treated differently is not required. See Diaz, 752 F.2d at 1360-61 (holding that the promotion of a member of plaintiff's class to the position plaintiff was seeking did not preclude plaintiff from establishing a prima facie case if he could show other facts raising an inference of discrimination).
 
 
 13
 Young and Hurskin offered evidence that they are members of a protected class, that they were accessed to a number of programs for over ten years, that their accesses were revoked, that there were substantial delays in Lockheed's processing of their applications for accesses, that managers at Lockheed had interfered in the past with the processing of access applications, and that managers who had the ability to interfere with accessing procedures had expressed or condoned racial bias and racially biased practices at Lockheed. These facts in combination are sufficient to raise an inference that plaintiffs' difficulties with their security accesses were the result of discrimination. Young and Hurskin have therefore established a prima facie case. The district court erred in granting summary judgment on the ground that they failed to do so.
 
 
 14
 Because this court is reviewing a district court's grant of summary judgment, it must examine the record to determine if there is any other basis for affirmance. Diaz, 752 F.2d at 1362; Lowe, 775 F.2d at 1007. If the result below was correct, a reviewing court can affirm even if the court below relied on an erroneous ground. Lowe, 775 F.2d at 1007.
 
 1. Young's Claim
 
 15
 Lockheed offered evidence that Young's accesses were revoked in 1993 because she was terminated in accordance with Lockheed's standard policies and practices. Young has not presented any evidence suggesting that Lockheed's explanation for the revocation of her accesses following her termination was pretextual.
 
 
 16
 With regard to Young's difficulties regaining her access to the V program, Lockheed offered evidence that at the time of her application, the V program was only processing limited numbers of access applications pursuant to instructions from the government. Young's manager Abby Rothman did not submit a program access request ("PAR") on her behalf because the CBA required Rothman to submit PAR's for other officers with more seniority. Young has failed to create a genuine issue of fact as to whether this explanation is pretextual. Her vague recollection of other employees' employment statuses is insufficient to undermine Lockheed's evidence that the CBA mandated that these officers precede Young in getting accesses when accesses were limited.
 
 
 17
 Young offered general and conclusory evidence that Lockheed had the means and the opportunity to delay or deny accesses without ever submitting paperwork to the government. Given the presence of adverse information in Young's record, none of this evidence raises a genuine issue of fact regarding Lockheed's motives. Summary judgment on Young's claim was proper.
 
 2. Hurskin
 
 18
 Lockheed offered evidence that Hurskin's accesses were revoked in 1992 because the government had informed Lockheed that Hurskin did not meet the criteria for security accesses. Hurskin has presented no evidence indicating that the revocation of his security accesses in 1992 was based on anything other than the government's letter.
 
 
 19
 With regard to Hurskin's difficulties regaining access to secured programs, Lockheed offered evidence that Hurskin's record contained adverse information, including a reckless driving conviction and financial difficulties, and that Hurskin had failed to complete all of the required paperwork for the K program. Lockheed also offered evidence that in November 1995, Abby Rothman submitted a letter to the K program security office attesting to Hurskin's usefulness to the program.
 
 
 20
 With respect to his difficulties getting re-accessed, Hurskin has only presented general evidence regarding Lockheed managers' ability to interfere with the accessing process and evidence of racism in Lockheed's management ranks. Given the presence of adverse information in Hurskin's record, this evidence is insufficient to create a genuine issue of fact regarding the processing of Hurskin's access requests. The district court's decision to grant summary judgment on Hurskin's FEHA claim was therefore proper.
 
 II. Contract-based claims
 
 21
 Appellants' employment relationship with Lockheed is governed by a CBA. Any claims based on the CBA are preempted by the LMRA. Chmiel v. Beverly Wilshire Hotel, 873 F.2d 1283, 1285-86 (9th Cir.1989).
 
 
 22
 Appellants argue that their contract-based claims are exempt from LMRA preemption because they are based on Lockheed's Human Resources Directives ("HRD") and not on the CBA. Appellants have not established, however, that the HRD constitutes a contract between Lockheed and its employees. Given that there is a CBA governing the employment relationship here and that Lockheed has reserved the right in the HRD to "modify, supplement, rescind, revise, or otherwise alter any provision of any policy as it deems necessary or appropriate at its sole discretion," the binding force of the HRD appears to be minimal. Appellants' contract-based claims therefore lack any legal basis. Summary judgment was proper.
 
 
 23
 AFFIRMED.
 
 
 
 **
 The Honorable Fern M. Smith, District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3