Mark LARRANAGA; Jacqueline Walsh, Plaintiffs–Appellants, Cross–Appellee,

v.

NORTHWEST DEFENDERS ASSOCIATION, Defendant–Appellee, Cross–Appellant.

Nos. 99–25632, 99–25771.

D.C. No. CV–99–00330–TSZ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2001.

Decided Feb. 15, 2001.

Before RYMER, THOMAS, and McKEOWN, Circuit Judges.

MEMORANDUM *

Mark Larranaga and other former employees ("Employees") of Northwest Public Defenders ("Northwest Defenders") appeal the district court's dismissal of their

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

claims. Northwest Defenders cross-appeals the district court's denial of its request for sanctions. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

## I

■ The district court did not err in concluding that the Employees' claims for retroactive back pay and benefits were preempted by the National Labor Relations Act ("NLRA"). 29 U.S.C. § 151 et seq. The NLRA preempts state law claims whenever the underlying activity "arguably" falls within its purview. *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 244–45, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). *Garmon* "stands for the principle that potential, rather than actual conflict between a state law claim and federal labor law is sufficient to require preemption of the state law claim." *Bassette v. Stone Container Corp.*, 25 F.3d 757, 760 (9th Cir.1994). "[I]f a crucial element of a state court action is identical to an element of an unfair labor practice that is arguably covered by the NLRA, then the state action is preempted." *Lumber Prod. Indus. Workers Local 1054 v. West Coast Indus. Relations Ass'n, Inc.*, 775 F.2d 1042, 1048 (9th Cir.1985).

■ The Employees agree that any alleged breach of the Northwest Defenders' obligation to grant pay increases and benefits arguably constitutes an unfair labor practice. However, they argue that, because they are not now employed by Northwest Defenders, the NLRA does not implicate their claims. This argument is not persuasive because, however they might currently describe themselves, the Employees are seeking to vindicate their rights as employees of Northwest Defenders. Thus, the district court properly concluded that the Employees' claims were subject to *Garmon* preemption.

## II

■ The Employees also claim benefits as a third-party beneficiaries of the collective bargaining agreement between the union and Northwest Defenders. Claims for breach of a collective bargaining agreement are preempted under the Labor Management Relations Act of 1947 ("LMRA"). 29 U.S.C. § 185 (2000); *Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1285 (9th Cir.1989). Section 301 of the LMRA also preempts state law claims that are "substantially dependent" on interpretation or analysis of a collective bargaining agreement. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Under this analysis, statutory wage claims that are based on a collective bargaining agreement are preempted. *Livadas v. Bradshaw*, 512 U.S. 107, 125 nn. 19–20, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994). Thus, the Employees' direct claims for benefits are preempted by the LMRA.

■ To the extent that the Employees allege any claim based on a comparison between their situation and that of employees covered by the collective bargaining agreement, their claims fail. The Employees did not, as they must, either exhaust grievance procedures or allege in this action that their failure to exhaust is excused because the union breached its duty of fair representation. *Herman v. United Brotherhood of Carpenters and Joiners of Am., Local Union No. 971*, 60 F.3d 1375, 1379–80 (9th Cir.1995).

## III

Because the Employees' proposed amended complaint did not contain new causes of action, or seek a different reme-

dy, that would not be subject to preemption, the district court did not err in denying leave to amend as futile. *Partington v. Bugliosi,* 56 F.3d 1147, 1162 (9th Cir. 1995). After a careful examination of the record, we conclude that the district court did not abuse its discretion in staying discovery pending resolution of Northwest Defenders' motion to dismiss. *Jarvis v. Regan,* 833 F.2d 149, 155 (9th Cir.1987).

The district court also did not abuse its discretion in denying Northwest Defenders' motion for sanctions. Although legally deficient, the Employees' theories were not frivolous, particularly given the arguably uncertain contours of *Livadas* in this context.

AFFIRMED.