**Telles HAGENS, Plaintiff–Appellant,**

v.

**RIO DOCE PASHA TERMINAL, L.P., Defendant–Appellee,**

No. 00–55224.

D.C. No. CV–99–12845–SVW.

United States Court of Appeals, Ninth Circuit.

Submitted June 4, 2001 *.

Decided June 14, 2001.

Before D.W. NELSON, FERNANDEZ, and RYMER, Circuit Judges.

MEMORANDUM **

Telles Hagens appeals the district court's dismissal of his state law cause of action against Rio Doce Pasha Terminal, L.P., (RDP) for breach of an implied contract and of the implied covenant of good faith and fair dealing. We affirm.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

When Hagens first obtained his job at RDP, it was pursuant to, and covered by, the provisions of a collective bargaining agreement (CBA) between that company and the International Longshore and Warehouse Union. His job continued to be so covered throughout his employment. When he was terminated, he grieved under the provisions of the CBA. Nevertheless, he also filed this action in state court and asserted that during his employment an implied contract, which provided that he would only be terminated for good cause, had sprung into being. However, the alleged implied contract claim is preempted.[1] *See Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1014–16 (9th Cir. 2000); *Beals v. Kiewit Pac. Co., Inc.*, 114 F.3d 892, 894–95 (9th Cir.1997); *Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1286 (9th Cir.1989); *Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1048–49 (9th Cir.1987); *Bale v. Gen. Tel. Co.*, 795 F.2d 775, 779–80 (9th Cir.1986). Therefore, the claim was properly removed and dismissed.

Of necessity, the same defect inheres in Hagens' breach of the covenant of good faith and fair dealing claim. There is no free-standing tort claim for breach of the terms of an employment agreement. *See Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 693, 765 P.2d 373, 396, 254 Cal.Rptr. 211, 234–35 (1988). Either the claim emanates directly from the CBA or it emanates from the alleged implied contract of employment. But if it emanates from the former, it cannot stand. *See Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1147–48 (9th Cir.1988). And if it emanates from the latter, that itself is

preempted and the implied covenant is preempted along with it.[2]

AFFIRMED.

---

1. Labor Management Relations (Taft–Hartley) Act § 301(a), 29 U.S.C. § 185(a) (1988).

2. No separate claim based on public policy is shown here. *Cf. Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 412–13, 108 S.Ct. 1877, 1885, 100 L.Ed.2d 410 (1988) (dismissal in violation of state law for filing a worker's compensation claim).