Michael SOMERVILLE, Plaintiff—
Appellant,

v.

LONGVIEW FIBRE CO, a Washington corporation; Local 817 Association of Western Pulp and Paper Workers, a union organized under the laws of the State of Washington, Defendants—Appellees.

No. 01–36036.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 2003.

Decided April 17, 2003.

Before: D.W. NELSON, THOMAS, Circuit Judges, and ILLSTON, District Judge.*

## MEMORANDUM **

Michael Somerville appeals the district court's grant of summary judgment in favor of Defendant–Appellee Association of Western Pulp and Paper Workers, Local No. 817.[1] We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

### I

The district court correctly concluded that Somerville's state law claims were preempted by Section 301 of the Labor Management Relations Act. Section 301 preemption is "complete preemption," that is, a form of preemption "so powerful as to displace entirely any state cause of action" touching on the Labor Management Relation Act's ambit. *Firestone v. Southern Cal. Gas Co.*, 219 F.3d 1063, 1065 (9th Cir.2000) (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 23, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). In *Chmiel v. Beverly Wilshire Hotel Co.*, 873

---

* The Honorable Susan Y. Illston, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Though Longview Fibre Co. remains a co-defendant in the caption and in the related materials, on November 5, 2001, Somerville and Longview entered a stipulated dismissal with prejudice of Somerville's claims against Longview.

F.2d 1283 (9th Cir.1989), we noted that "section 301 preempts any individual labor contract inconsistent with a collective bargaining agreement." *Id.* at 1285 (quoting *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 211, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985)); *see also Aguilera v. Pirelli Armstrong Tire Corp.,* 223 F.3d 1010 (9th Cir. 2000).

Somerville contends he had a separate, independent contract with the employer that formed the basis of his state law claims. However, this agreement concerns a job position and issues specifically governed by the collective bargaining agreement. Such putatively independent contracts can be effective "only as part of the collective bargaining agreement." *Aguilera,* 223 F.3d at 1015–16. Thus, where an inconsistency exists between the collective bargaining agreement and an independent contract, the collective bargaining agreement necessarily "controls and the contract claim is preempted." *Id.* (citing *Olguin v. Inspiration Consol. Copper Co.,* 740 F.2d 1468, 1474 (9th Cir.1984)); *see also Chmiel,* 873 F.2d at 1285–86. Somerville's independent contract is inconsistent with the collective bargaining agreement, and his state contract claims are, thus, preempted. *Id.*

Somerville's tort-based state claims are preempted under § 301 as well. In *Chmiel,* we held that § 301 preempted tort-based state claims arising "out of the same conduct [that] formed the basis of the contract claim." 873 F.2d at 1286 (assessing an intentional infliction of emotional distress claim). Tort-based claims that so "arise" are, like related contract-based claims, "inextricably intertwined" with the interpretation of the collective bargaining agreement. Identical preemption concerns and comparable § 301 treatment are therefore warranted. *See id.; Young v. Anthony's Fish Grottos, Inc.,* 830

F.2d 993, 1002 (9th Cir.1987) (citations omitted). All three tort-based claims Somerville articulates "arise out of the same conduct form[ing] the basis of [his] contract claim," resembling, as a matter of law, tort-based claims we have held to be preempted by this court in similar contexts. *See Young,* 830 F.2d at 1002 (addressing an intentional infliction of emotional distress claim). Thus, the district court correctly held Somerville's state law claims preempted under § 301 as a matter of law.

*Sprewell v. Golden State Warriors,* 266 F.3d 979 (9th Cir.2001), the primary case upon which Somerville relies, is inapposite because *Sprewell* had filed state law claims that did not arise out of, or conflict with, the collective bargaining agreement. *Id.* at 991.

## II

Breach of the duty of fair representation claims are governed by a six-month federal statute of limitations. *See, e.g., Stone v. Writer's Guild of Am. West, Inc.,* 101 F.3d 1312, 1314 (9th Cir.1996) (citations omitted); *Moore v. Local 569, Int'l Bhd. of Elec. Workers,* 989 F.2d 1534, 1541–42 (9th Cir.1993); *Kalombo v. Hughes Mkt., Inc.,* 886 F.2d 258, 259 (9th Cir.1989); *Conley v. Int'l Bhd. of Elec. Workers, Local 639,* 810 F.2d 913, 915 (9th Cir.1987). Because the essence of Somerville's complaint is that the union failed to act fairly on his behalf, the six month statute of limitations applies to his claim. *See Conley,* 810 F.2d at 915.

The applicable six-month statute of limitations begins to run "when the employee knows or should know of the alleged breach of duty of fair representation by a union." *Kozy v. Wings West Airlines, Inc.,* 89 F.3d 635, 640 (9th Cir.1996), (citing *Galindo v. Stoody Co.,* 793 F.2d 1502, 1509 (9th Cir.1986)) (internal quotation marks omitted).

**44**

In the "more complex" context in which a duty of fair representation claim is "not based on a union's processing of a grievance," a plaintiff's cause of action accrues when he or she "knew or should have known of [the] alleged breach" of the duty. *Galindo*, 793 F.2d at 1509. Somerville's claim falls within this "more complex" context, so the six-month statutory period began to run when he "knew or should have known" of the Association's alleged breach. *Id.* A careful review of the record demonstrates that there is no triable question regarding the fact that Somerville should have known of the alleged breach well more than six months before he filed his state action on January 5, 2001. In addition to other facts which should have put Somerville on notice, he was specifically notified on February 18, 2000, that he was to be considered a new hire and not an employee returning from a leave. Somerville's proffered actual injury test and his tolling argument based on unspecified informal resolution efforts are both untenable under settled case law. *Galindo*, 793 F.2d at 1509–11. Somerville relies on the extension of some benefits by the employer; however, this was an action by a third party without implication as to the union's position.

In short, the district court properly granted summary judgment on all claims.

**AFFIRMED.**